UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MORINVILLE,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 20-cv-00980-ALM-KPJ <br> ) |
| **OVERWATCH DIGITAL HEALTH, INC. ET. AL,** | ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**JOINT MOTION OF CLIVE BARRETT, EMMANUEL CORREIA, AND RISION
LIMITED TO DISMISS UNDER RULE 12(b)(6)**

Clive Barrett, Emmanuel Correia, and Rision Limited (collectively the "Joint Defendants"), through their undersigned counsel, hereby move to dismiss the claims against them in the above-captioned case for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of the Motion, the Defendants respectfully state as follows:

**PRELIMINARY STATEMENT[1]**

1.      The Court should dismiss the Complaint with respect to Barrett, Correia, and Rision Limited. On its face, the Complaint fails to state a claim upon which relief can be granted against any of the Joint Defendants. Here is the exact language of Plaintiff's requested relief:

> I pray the court will award my full pay according the agreement with Overwatch/BioEye of $499,000.
>
> I pray the court will assign the BioEye patent solely to me.

---

[1] Capitalized terms used but not defined in this Preliminary Statement have the meanings ascribed to such terms elsewhere in this Motion.

1

Neither of these involve the Joint Defendants. Although *pro se* complaints are to be liberally construed, the Plaintiff's allegations fall far short of stating a plausible claim against the Joint Defendants. The Plaintiff's claims, if the exists at all, could only be against Overwatch or BioEye.

2.      The Plaintiff alleges that he and Terry Fokas (in his role as CEO of the entity that the Plaintiff refers to as "Overwatch/BioEye") negotiated for the Plaintiff's employment by "Overwatch/BioEye."[2] The Complaint does not allege any agreement between the Plaintiff and Barrett, Correia, or Rision Limited. Indeed, the Complaint does not even allege any direct communication between the Plaintiff and the Joint Defendants or agents of the Joint Defendants regarding this subject. Neither the Plaintiff's allegations nor any reasonable inferences drawn from those allegations show a claim for breach of contract against the Joint Defendants. There can be no contract without an offer and acceptance.

3.      The problem with the Complaint is not just the facial flaw in the cause of action asserted. The allegations also fail to show the Plaintiff has a right to recovery against the Joint Defendants for Plaintiffs allegedly unpaid salary under any alternative theory that the Plaintiff might bring. For example, the absence of alleged communication between any of the Joint Defendants and the Plaintiff rules out promissory estoppel and fraud.[3] And quantum meruit is not

---

[2] The Joint Defendants assert that no such entity as "Overwatch/BioEye" ever existed. While in 2019 Overwatch and BioEye contemplated a potential merger and were working in advance of the RTO (as defined in paragraph 8.a of this Motion), no merger was ever consummated. If Plaintiff was employed by any entity, the Joint Defendants believe that the Plaintiff was employed by Overwatch alone.

[3] Further, according to the Complaint, the Plaintiff *knew* from the beginning of his employment that "Overwatch/BioEye" did not have funds to pay his salary unless the contemplated RTO with Rision Limited closed and *agreed* that his compensation comprising shares of Rision Limited was contingent on the closing of this transaction. The Plaintiff states that Terry Fokas expressly told him that "Overwatch/BioEye" could not pay him until the RTO occurred and accepted the risk that the RTO might fall apart. It did. The Plaintiff was not defrauded.

available as a matter of law because the Plaintiff alleges that he performed services under an agreement with "Overwatch/BioEye."[4]

4.  The Complaint's allegations and request for relief with respect to BioEye's prosecution of a patent application (the "Patent Application") are also inapposite to a claim against the Joint Defendants. According to the Plaintiff, the Patent Application is being prosecuted by BioEye, not Barrett, Correia, or Rision Limited. Whatever the Plaintiff's rights to the intellectual property, he has not stated a claim against the Joint Defendants for rights in intellectual property.

5.  The Complaint reflects a dispute between the Plaintiff, Overwatch, and BioEye and not the Joint Defendants. The Plaintiff's allegations with respect to Barrett and Correia are that they were investors and/or directors in "Overwatch/BioEye" with authority over its CEO and "directed Terry Fokas to develop BioEye technology for sideline concussion testing for the Australian Football League (AFL)."[5] Rision Limited was merely in negotiations with Overwatch and BioEye regarding the potential RTO. These allegations do not give rise to any plausible claim for which relief can be granted against the Joint Defendants. Rather, they unquestionably indicate that the Joint Defendants had no contractual obligation to the Plaintiff or potential liability in connection with the Patent Application.

## BACKGROUND

6.  On December 21, 2020, the Plaintiff filed his Complaint in the above-captioned case against Overwatch Digital Health Inc. ("Overwatch"), BioEye Ltd. ("BioEye"), and the Joint Defendants.

---

[4] The Joint Defendants would have reasonably expected that the entity purportedly employing the Plaintiff—Overwatch, BioEye, or the fictional entity called "Overwatch/BioEye" in the Complaint—would pay him, not the Joint Defendants.

[5] For the avoidance of doubt, Barrett and Correia are not and were never directors of Overwatch. On information and belief, the sole director of Overwatch is and at all times relevant to the Complaint was Terry Fokas.

7. The Clerk of the Court issued a summons for each of the Joint Defendants on January 4, 2021. The Plaintiff has not yet filed a certificate of service with respect to the summons.

8. The Plaintiff seeks the award of his "full pay according to the agreement with Overwatch/BioEye of $499,000" and the assignment of a patent solely to the Plaintiff. The central allegations that the Plaintiff makes in the Complaint (many of which are disputed) are as follows:

   a. BioEye and Overwatch contemplated entering into a reverse takeover transaction (the "RTO") under which Overwatch and BioEye would become brands of Rision Limited. Before the end of June 2019, Overwatch and BioEye were merged for "all practical purposes."

   b. In June 2019, "Overwatch/BioEye," through its CEO Fokas, hired the Plaintiff to identify viable markets for BioEye technology and develop technology for those markets. The Plaintiff began work for "Overwatch/BioEye" in July 2019.

   c. Fokas and the Plaintiff agreed to a salary of $15,000 per month and, upon completion of the RTO, 2% of Rision Limited's shares valued at $300,000. Due to funding requirements to effectuate the RTO, however, the Plaintiff agreed to accept less than the full $15,000 until completion of the RTO, at which time he would be paid in full. From July 2019 through February 2020 (8 months), the Plaintiff received amounts totaling $26,000.

   d. In March 2020, "Overwatch/BioEye" was informed that the RTO would be delayed until August 2020 as the result of the COVID-19 pandemic. "Overwatch/BioEye" did not have the funds to pay even a partial amount of the Plaintiff's salary in the interim. The Plaintiff agreed to work without pay until the RTO occurred, at which time he would receive his back pay and the Rision Limited shares.

   e. While employed at "Overwatch/BioEye" the Plaintiff worked to identify, research, test, and develop products for markets based on BioEye's technology. The Plaintiff was also a named co-inventor—along with Dovi Yellin—in the Patent Application. The Plaintiff alleges that he did not assign his rights to "Overwatch/BioEye" for the Patent Application. There is no allegation that any of the Joint Defendants has any interest in the Patent Application.

   f. The Plaintiff was terminated from "Overwatch/BioEye" in September 2020 and was informed that the RTO would not occur. The Plaintiff did not receive the $15,000 per month salary or the shares in Rision Limited that Terry Fokas and "Overwatch/BioEye" promised to pay him after closing of the RTO.

   g. Fokas managed the day-to-day operations of "Overwatch/BioEye." Barrett was an investor and board member of BioEye, Overwatch, and "Overwatch/BioEye." Correia was a board member of Overwatch and "Overwatch/BioEye." Barrett and

        Correia supervised Fokas and directed Fokas to develop BioEye technology for sideline concussion testing for the Australian Football League. Rision Limited was in negotiations with Overwatch and BioEye with respect to the RTO that never materialized. The Complaint does not allege a single instance in which any of the Joint Defendants directly communicated with the Plaintiff or instructed Fokas to take an action with respect to the Plaintiff.

9. Under these alleged facts, the Plaintiff seeks judgment for breach of contract not only against Overwatch and BioEye, but also Barrett, Correia, and Rision Limited. Terry Fokas is puzzlingly <u>not</u> included as a defendant despite being the person with whom the Plaintiff actually negotiated and was allegedly also a director of the so-called "Overwatch/BioEye."

## ARGUMENT

### A. Standard for Motion to Dismiss

10. Federal Rule of Civil Procedure 8(a)(2) states that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) requires dismissal of claims and counterclaims that "fail[] to state a claim upon which relief can be granted[.]"

11. The Supreme Court's *Twombly* and *Iqbal* decisions govern the adequacy of pleadings. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court affirmed a Rule 12(b)(6) dismissal of an antitrust claim for failing to comply with Rule 8(a)(2). The Supreme Court's *Twombly* decision explains Rule 8(a)(2)'s "threshold requirement" that the pleading's "'plain statement' possess enough factual heft to 'show that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)). The *Twombly* decision also explains that a Rule 12(b)(6) motion to dismiss should be granted if the pleading does not articulate "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court repeatedly noted Rule 8(a)(2)'s function of providing "fair notice" to the other party of what it must defend. *Id.* at 555, 556 n.3, 561, and 565 n.9. The Court explained that the:

> obligation to provide the 'grounds' of his 'entitlement to relief'
> requires more than labels and conclusions, and a formulaic recitation
> of the elements of a cause of action will not do.

*Id*. at 555. A "'showing,' rather than a blanket assertion, of entitlement to relief" is necessary. *Id.* at 556 n.3. These "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

12. The Supreme Court's opinion in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) further addressed the sufficiency of allegations under Rule 8(a)(2). In *Iqbal*, the Supreme Court explained that a claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. *Iqbal* reaffirmed that courts may not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id*. "The plausibility standard . . . asks for more than a sheer possibility" that the pleader is entitled to relief. *Id.* at 678. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of liability, a motion to dismiss should be granted. *See id.* at 679.

13. The distinction between well-pled allegations and other statements is critical to the Evaluation of a Rule 12(b)(6) motion. Although courts must accept a plaintiff's allegations as true and indulge all reasonable inferences in the plaintiff's favor when applying the *Twombly* and *Iqbal* standards, the courts may not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). Separating the wheat from the chaff requires the court to draw on its judicial experience and common sense. *See Iqbal*, 556 U.S. at 679; *Covington v. City of Madisonville, Texas*, 812 F. App'x 219, 223 (5th Cir. 2020).

14. Although *pro se* complaints are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Further, courts must ultimately apply the law to the factual allegations and inferences extracted from a *pro se* complaint in an impartial manner and may decide a Rule 12(b)(6) motion based on a dispositive issue of law. *Covington* 812 F. App'x at 223 (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)).

**B. The Complaint Fails to Allege Facts Sufficient to State a Plausible Claim for Breach of Contract or Alternative Cause of Action against the Joint Defendants for Claimed Compensation.**

    *i.)*    <u>Breach of Contract</u>

15. Even if all the allegations in the Complaint are true, it utterly fails to state a plausible claim for breach of contract against the Joint Defendants. The Plaintiff makes no allegations that could support the existence of a contract between the Plaintiff and the Joint Defendants that could have been breached.

16. The Plaintiff alleges that he had an agreement with "Overwatch/BioEye" regarding his employment and compensation, which was negotiated by Terry Fokas. The Complaint does not allege that Barrett, Correia, nor Rision Limited (a) agreed to employ or compensate the Plaintiff, (b) negotiated an employment agreement on behalf of "Overwatch/BioEye," or (c) directed Fokas to take any action with respect to the Plaintiff on behalf of Overwatch. The Complaint does not even allege that any of the Joint Defendants communicated with the Plaintiff at all with respect to the allegations supporting claims for relief. According to the Plaintiff, Barrett and Correia were directors of "Overwatch/BioEye" who supervised Fokas and directed Fokas to develop BioEye technology for use in the Australian Football League and Rision Limited

attempted to engage in the RTO transaction with Overwatch and BioEye. That is all that the complaint alleges.

17. Under both Texas and Pennsylvania law, a contract requires offer, acceptance, and consideration. *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008); *Baribault v. Zoning Hearing Bd. of Haverford Twp.*, 236 A.3d 112, 118 (Pa. Commw. Ct. 2020). In the absence of a communicated offer, it is legally impossible that there is an acceptance and valid contract. There is nothing in the Complaint to even *suggest* that there was any offer between the Plaintiff and any of the Joint Defendants. Without a contract, there cannot be a claim for breach of contract.

   ii.)   *Alternate Theories of Recovery*

18. Although not asserted by the Plaintiff in the Complaint, hypothetical alternative theories under which the Plaintiff might pursue recovery of his allegedly unpaid salary would similarly fail to state a claim under the allegations in the Complaint:

   a. Promissory Estoppel—Promissory estoppel requires (1) a promise, (2) foreseeability of reliance on that promise by the person making the promise, and (3) substantial reliance by the person receiving the promise to his or her detriment. *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 977 (5th Cir. 2014). The Complaint contains no allegation that any of the Joint Defendants ever communicated with the Plaintiff or made any promise. Thus, the Complaint completely fails to state a claim for promissory estoppel against the Joint Defendants.

   b. Quantum Meruit—Quantum meruit may apply where no express contract governs and (1) the plaintiff rendered valuable services or materials, (2) the services or materials were rendered to the defendant, (3) the defendant accepted, used, and enjoyed the services or materials, and (4) the circumstances reasonably notified the defendant that the plaintiff expected compensation for the services or materials. *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 588 (N.D. Tex. 2013) (citing *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)). Here, the Plaintiff expressly alleges that he had an agreement with "Overwatch/BioEye" governing his employment and he provided such services under this agreement. As a matter of law, the Complaint *cannot* state a claim for quantum meruit against the Joint Defendants.

   c. Fraud—To prevail on a fraud claim, a plaintiff must show (1) the defendant made a material false representation, (2) the defendant knew the representation was false

or made a reckless positive assertion without knowledge of its truth, (3) the defendant intended to induce the plaintiff to act upon the representation, and (4) the plaintiff actually and justifiably relied on the representation and suffered injury as a result. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018). Further, under Rule 9(b), a plaintiff must state with particularity the circumstances constituting fraud. In the Complaint, the Plaintiff does not allege that the Joint Defendants make *any* representations to the Plaintiff. The only reasonable inference that can be drawn from the Complaint is that the Plaintiff was fully aware that "Overwatch/BioEye" had limited funds and that the payment of the Plaintiff's $15,000 per month salary and 2% of Rision Limited shares was dependent on the closing of the RTO transaction. The Plaintiff was not defrauded.

19. Even construing the Complaint so liberally to include other conceivable causes of action that the Plaintiff might assert in the hypothetical, it shows no plausible claim against the Joint Defendants. Any valid claim that the Plaintiff has for his asserted unpaid compensation under the facts alleged would be solely against Overwatch or BioEye.

**C. The Relief Sought in the Complaint with Respect to the Patent Application is Inapposite to the Joint Defendants.**

20. The Plaintiff's asserted claim with respect to the Patent Application is similarly off-base with respect to the Joint Defendants. The Complaint alleges that the Plaintiff worked on BioEye technology and is a named co-inventor on the Patent Application despite never assigning his rights to "Overwatch/BioEye." Based on that, he asks the Court to assign the patent resulting from the Patent Application *solely* to him.[6]

21. The Complaint provides nothing to suggest that Barrett, Correia, or Rision Limited have any interest whatsoever in the Patent Application. Barrett is an investor in BioEye but has no direct interest in the Patent Application. According to the Plaintiff, Correia and Rision Limited do not even have an interest in BioEye. The Complaint therefore fails to state any claim with respect

---

[6] The Joint Defendants point out that even if this is true, it would not entitle the Plaintiff to sole ownership of the resulting patent as Dovi Yellin is listed as a co-inventor.

9

to the Patent Application against the Joint Defendants. The Plaintiff's claim—if any—would be against Overwatch or BioEye.

## RESERVATION OF RIGHTS

22. For the avoidance of doubt, the Defendants dispute the allegations in the Complaint and reserve their rights to dispute all factual allegations therein if this Motion to Dismiss is not granted.

## CONCLUSION

23. The Complaint fails to state a plausible claim upon which relief can be granted against the Joint Defendants, even liberally construing the Plaintiff's allegations. Ultimately, those allegations, taken as true, indicate that the Plaintiff may have been employed and owed compensation by Overwatch, BioEye, or the non-existent entity "Overwatch/BioEye," but not by any of the Joint Defendants. Further, it is BioEye that the Plaintiff alleges is prosecuting the Patent Application and claiming ownership of the underlying intellectual property in which the Plaintiff asserts an interest, not any of the Joint Defendants. The Complaint should be dismissed with respect to the Joint Defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Joint Defendants request that the Court enter an order dismissing the Complaint with respect to the Joint Defendants, and for such other and further relief as the Court deems just and equitable.

Dated March 23, 2021                                **PARKINS LEE & RUBIO LLP**

                                                             */s/ Lenard M. Parkins*
                                                              Lenard M. Parkins
                                                              TX Bar No. 15518200
                                                              R.J. Shannon
                                                              TX Bar No. 24108062
                                                              Pennzoil Place
                                                              700 Milam Street, Suite 1300
                                                              Houston, TX 77002
                                                              Email: lparkins@parkinslee.com
                                                                                       rshannon@parkinslee.com
                                                             Phone: 713-715-1660

                                                             *Counsel to Clive Barrett, Emmanuel Correia, and Rision Limited*

## CERTIFICATE OF SERVICE

        I hereby certify that on March 23, 2021, the forgoing document was served on the following parties (a) through the Court's CM/ECF System if registered to receive such service and (b) by U.S.P.S. first class mail, postage prepaid and email on the following parties:

Paul Morinville
514 Wharton Ave
Altoona, PA 16602
paul@morinville.net

Overwatch Digital Health, Inc.
17440 Dallas Parkway
Suite 230
Dallas, TX 75287

                                                             */s/ Lenard M. Parkins*
                                                             Lenard M. Parkins