UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MORINVILLE, <br><br> Plaintiff, <br><br> v. <br><br> OVERWATCH DIGITAL HEALTH, INC. ET. AL, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 20-cv-00980-ALM-KPJ |

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF CLIVE
BARRETT, EMMANUEL CORREIA, AND RISION LIMITED**

Clive Barrett, Emmanuel Correia, and Rision Limited (collectively the "Joint Defendants"), through their undersigned counsel, reply to the Plaintiff's response [Dkt. No. 20] (the "Response") to the Joint Defendant's motion to dismiss [Dkt. No. 12] (the "Motion to Dismiss") as follows:

**A. The Response Fails to Address the Basis for the Motion to Dismiss.**

1. The Response misses the point of the Motion to Dismiss, which is based on well-established law. While the Joint Defendants dispute in the strongest terms that Overwatch Digital Health, Inc. ("Overwatch") and BioEye Ltd. ("BioEye") ever merged and formed the "Overwatch/BioEye" entity alleged in the Complaint, that was not the basis for their Motion to Dismiss and is wholly immaterial to whether the Complaint states a plausible cause of action against the Joint Defendants, which is the legal hurdle Plaintiff must satisfy. Nor does it matter whether Mr. Barrett and Mr. Correia were hands-off directors of "Overwatch/BioEye" or took a more active role in management. Either way, the Complaint fails and should be dismissed with prejudice with respect to the Joint Plaintiffs.

2. With respect to the money damages requested for breach of contract, the Plaintiff's forceful conclusion in the Response—"Therefore, my agreement is between me and Overwatch/BioEye"—is determinative and mandates dismissal of the breach of contract cause of action against the Joint Defendants. Plaintiff makes clear that his claim is against "Overwatch/BioEye," not the Joint Defendants (or BioEye or Overwatch). The Complaint provides no basis to hold any other person—including the Joint Defendants—liable for that claim.

3. With respect to ownership of the Patent Application, the Plaintiff's allegation in the Complaint that he was a co-inventor with Dovi Yellen is determinative of his right to sole ownership. According to 35 U.S.C. § 116, "[w]hen an invention is made by two or more persons jointly, they shall apply for [a] patent jointly[.]" Each joint applicant in a patent application is presumed to be the owner, 37 CFR §§ 1.46, 3.73, and thus the Plaintiff's allegations indicate that Mr. Yellen or his assignee is entitled to an interest in the Patent Application. Moreover, the Plaintiff does not allege that any of the Joint Defendants own an interest in the Patent Application, nor that any agreement exists to support sole ownership of the Patent Application in the Plaintiff.

**B. The Complaint Should Be Dismissed with Prejudice with Respect to the Joint Defendants and the Court Should Not Allow the Defendant to Amend His Complaint.**

4. The Plaintiff did not hesitate to present additional allegations in his Response but, even considering these, he still failed to state any plausible claim against the Joint Defendants. The only way for the Plaintiff to state such a claim would be to pivot, change his story, and contradict his previous pleadings filed with this Court, to which the Plaintiff swore were true under penalty of perjury as part of his Complaint. The Court should not allow the Plaintiff to continue to harass the Joint Defendants in this matter. Instead, it is respectfully suggested that the Complaint against Defendants be dismissed and the Plaintiff be directed to focus the litigation on whether Overwatch, BioEye, or the alleged "Overwatch/BioEye" entity is liable to the Plaintiff.

5. The additional allegations presented by the Plaintiff in the Response only confirm that the Joint Defendants have no liability to the Defendant. The adequately plead (albeit disputed) allegations are:

   a. As reflected in Exhibit B to the Response, Mr. Barrett and Mr. Correia comprised less than a majority of the "Overwatch/BioEye" board of directors. They were "Non-Executive Directors" while Terry Fokas was the sole "Executive Director."

   b. Mr. Barrett and Mr. Correia had no role in the "consolidated chain of command" of "Overwatch/BioEye" as reflected in Exhibit C to the Response.

   c. Nonetheless, Clive Barrett performed acts consistent with executive management within a company, rather than a mere investor. On multiple conferences calls, Mr. Barrett made tactical management decisions related to product design, vendor selection, and more, including actively leading these calls.

   d. The delay of the contemplated completion RTO transaction from April 2020 to August 2020 meant that "Overwatch/BioEye" required additional funding to continue operations until the RTO was consummated. Failure to secure that additional funding would cause "Overwatch/BioEye" to fail before the RTO could be executed under the new schedule.

   e. The Joint Defendants wrote an investor presentation with the title "RISION, LTD – OVERWATCH/BIOEYE CORPORATE PRESENTATION" (the "Investor Presentation") to attract funding for "Overwatch/BioEye," an excerpt of which is reflected in Exhibit A to the Response.

   f. As shown in Exhibit A, the Investor Presentation contained a logo for "Overwatch Digital Health" on the cover page—but not one for Rision Limited or BioEye—and indicates a date of July 2020.

   g. Also in July 2020, the Joint Defendants refused to accept any investment in "Overwatch/BioEye", thus starving "Overwatch/ BioEye" of funding and risking the entity's failure.

   h. Terry Fokas secured new investors using the Investor Presentation. The Plaintiff approached several investors with the Investor Presentation.

   i. In September 2020—after August 2020 date to which the RTO had previously been pushed—the Joint Defendants comprising one-half of the "Overwatch/BioEye"

      board and the counterparty somehow "unilaterally" cancelled the RTO and absconded with BioEye from the merged Overwatch/BioEye entity.

    j. The Joint Defendants are continuing to execute some version of the RTO and market the products and intellectual property that the Plaintiff developed for "Overwatch/BioEye" through their executive control over BioEye.

These allegations do not show that the Plaintiff is entitled to relief against the Joint Defendants as is required for the Complaint to survive the Motion to Dismiss.

6. The Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), is particularly instructive here. In *Twombly*, class action plaintiffs claimed that incumbent local exchange carriers (ILECs) conspired to restrain trade in violation of section 1 of the Sherman Act based on allegations of consciously parallel behavior by the ILECs. *Id.* at 551-52. The U.S. District Court for the Southern District of New York granted a motion to dismiss on the grounds that allegations of parallel business conduct, taken alone, failed to state a claim under section 1 of the Sherman Act because the ILECs actions could be fully explained by the ILECs protecting their own interests. *Id.* at 552. The U.S. Court of Appeals for the Second Circuit reversed. *Id.* at 553. The U.S. Supreme Court overturned the Second Circuit's decision because, although the plaintiffs' allegations were "consistent with conspiracy" they were "just as much in line with a wide swath of rational and competitive business strategy unilaterally prompted by common perceptions of the market." *Id.* at 554, 570. A complaint that is not supported by allegations plausibly suggesting (not merely consistent with) the elements of a cause of action fails to state a claim. *See id.* at 557.

7. Even taking the Plaintiff's baseless allegation of a merged "Overwatch/BioEye" as true, the Plaintiff's additional allegations are at least as consistent with an exercise of valid business judgment as it is with anything that would give the Plaintiff a claim. What the Plaintiff alleges is that Mr. Barrett and Mr. Correia, comprising one-half of the "Overwatch/BioEye" board (but not a majority), took action to raise investment for the entity but then reversed course, scuttled the

RTO and, through some mechanism, unwound the merger of BioEye and Overwatch. Even if all of that that were true, it would not give the Plaintiff a claim as alleged in the Complaint against Mr. Barrett and Mr. Correia. Further, the allegations do not triangulate to any *conceivable* claim the Plaintiff might assert against Rision Limited under these facts. The Plaintiff credibly alleges nothing more than that Rision Limited did not close a deal with the Plaintiff's employer.

8.     The Federal Rules of Civil Procedure do not require courts to live in a fantasy world where they must "conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The Plaintiff was required to state a plausible claim. The Complaint fails to do so with respect to the Joint Defendants, and based on the allegations in the Complaint and Response, any amendment will be futile unless the Plaintiff withdraws his sworn Complaint, changes his story, and concocts a new tale that is facially acceptable but equally baseless.

9.     The Plaintiff's willingness to play fast and loose with the truth is already on full display in the Response. Exhibits A and B to the Response are carefully selected pages from an Overwatch document that the Joint Defendants will request authority to file under seal (the "Full Investor Presentation") and a redacted version of which is attached hereto as Exhibit 1.[1] The parts of this sealed document not disclosed to the Court in the Response on their face defeat the Plaintiff's claims against the Joint Defendants and tell a much different story than alleged by the Plaintiff.

10.    Page 31 of the Full Investor Presentation is a legal disclaimer (the "Legal Disclaimer"), for the entire document that summarily undercuts Plaintiff's allegations. The Legal Disclaimer provides:

---

[1] The Joint Defendants are requesting to file the Full Investor Presentation under seal in an abundance of caution because the document indicates that it contains sensitive business information Overwatch.

**THIS DOCUMENT IS PRIVATE AND CONFIDENTIAL, CONTAINS SENSITIVE BUSINESS INFORMATION OF OVERWATCH DIGITAL HEALTH, INC ("OVERWATCH") AND IS NOT FOR PUBLIC DISTRIBUTION.**

This document has been prepared for informational purposes only and is provided personally to you. By accepting this document you agree to keep its contents strictly confidential, not to copy any portion of this document and to return it to Overwatch promptly upon its request. This document contains summary information about Overwatch, does not purport to be complete, and no representations or warranties about such information are made by Overwatch or its representatives.

This document does not constitute an offer to sell or a solicitation of an offer to purchase any securities of Overwatch. Any such offer will be made only pursuant to a prospectus.

This document contains forward-looking statements relating to future events or the future financial performance and operations of Overwatch. Forward-looking statements, which involve assumptions and describe Overwatch's intent, belief or current expectations about its business opportunities, prospects, performance and results, are generally identifiable by use of the words "may," "could," "should," "will," "would," "expect," "anticipate," "plan," "potential," "estimate," "believe," "intend," "project," "forecast," the negative of such words and other variations on such words or similar terminology. These forward-looking statements are not guarantees of future performance and by their nature involve known and unknown risks and uncertainties that may cause actual opportunities, prospects, performance and results to vary from those presented in this document, and those variances may be material. In evaluating such statements, prospective investors should carefully consider the various risks and uncertainties identified in Overwatch's public filings and its prospectus including, market risk, liquidity risk, competitive risk, regulatory risk and other commonly recognized forms of risk relating to Overwatch and its securities. In light of these risks, uncertainties and assumptions, the forward-looking events discussed in this document might not occur. Overwatch is not obligated to publicly update or revise any forward-looking statements, whether as a result of new information, future events or otherwise.

No one can read the Legal Disclaimer and arrive at the conclusion that the Full Investor Presentation describes anything other than *Overwatch's* hope for the future based on the consummation of the RTO—which never happened.

11. Other provisions of the Full Investor Presentation that the Plaintiff failed to provide to the Court are as follows:

   a. Pages 15 and 19 indicate that BioEye was incorporated as a separate entity in January 2017.

   b. Page 21 indicates that Overwatch and BioEye own separate intellectual property with their own pending patent applications.

   c. Page 22 indicates that both Overwatch (ODH) and BioEye would receive separate vendor shares under the contemplated RTO.

   d. Page 22 also indicates a number of shares to be offered under prospectus and the timetable for such funding.

   e. Page 25 indicates that Terry Fokas is "Chief Executive Officer; President" while Eran Ferri is "President (BioEye, Ltd.)."

12. Despite what the Full Investor Presentation actually says, the Plaintiff chose to submit snippets of this document to support his contentions "that the merged Overwatch/BioEye entity was tangibly created because the [Joint] Defendants sought investment in it" and "that the [Joint] Defendants are Board Members of Overwatch/BioEye." The document indicates nothing more than that this was Overwatch's intent, belief, or then-current expectation and, in fact, suggests that Overwatch and BioEye had *not* merged.

13. The Plaintiff either knew or should have known that the Full Investor Presentation did not support his contentions. However, instead of presenting a full and accurate picture to the Court, he used selective snippets from the document in a failed attempt to support the Response. Plaintiff either purposely distorted the facts or failed to diligently inquire into the factual support

of his allegations in the Response. The Court should not give the Plaintiff more room to obfuscate his way into stating a facially valid yet ultimately frivolous claim.

### C. Alternatively, If the Court Does Not Dismiss the Complaint Now, It Should Establish a Procedure to Expeditiously Rule on Summary Judgment

14. The Joint Defendants believe that there will be no genuine issue of material fact that (a) Overwatch and BioEye never merged, (b) the Plaintiff was employed or otherwise engaged by Overwatch and not BioEye or any of the Joint Defendants, and (c) the Patent Application was filed in the names of the Plaintiff and Dovi Yellen, with both of their knowledge and consent. Establishing these facts would defeat the Plaintiff's claims against the Joint Defendants.

15. The Court should dismiss the Complaint with respect to the Joint Defendants at this time. But if it does not, the Joint Defendants respectfully suggest it should bifurcate this action to allow for an expedited summary judgment process and, if necessary, an expedited trial on these issues against the Joint Defendants so this matter can be adjudicated quickly, efficiently, and without the further unnecessary expenditure of judicial resources on the Plaintiff's frivolous claims.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Joint Defendants request that the Court grant the Motion to Dismiss with prejudice with respect to the Joint Defendants and for such other and further relief as the Court deems just and equitable.

Dated April 8, 2021                                   **PARKINS LEE & RUBIO LLP**

*/s/ Lenard M. Parkins*
Lenard M. Parkins
TX Bar No. 15518200
R.J. Shannon
TX Bar No. 24108062
Pennzoil Place
700 Milam Street, Suite 1300
Houston, TX 77002
Email: lparkins@parkinslee.com
        rshannon@parkinslee.com
Phone: 713-715-1660

*Counsel to Joint Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2021, the forgoing document was served on the following parties (a) through the Court's CM/ECF System if registered to receive such service and (b) by U.S.P.S. first class mail, postage prepaid and email on the following parties:

Paul Morinville
514 Wharton Ave
Altoona, PA 16602
paul@morinville.net

Overwatch Digital Health, Inc.
c/o Terry Fokas, Esq.
17440 Dallas Parkway
Suite 230
Dallas, TX 75287
terryfokas_esq@yahoo.com

*/s/Lenard M. Parkins*