IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| PAUL V. MORINVILLE, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-980-KPJ |
| | § | |
| OVERWATCH DIGITAL HEALTH, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## SCHEDULING ORDER

The Court, after review of the pleaded claims and defenses in this case and the parties' Joint Rule 26(f) Report, as well as the record of the Scheduling Conference held on May 18, 2021, enters this case-specific Order which controls disposition of this action pending further order of the Court. The following actions shall be completed by the date indicated.[1]

| Deadline | Activity |
| --- | --- |
| May 25, 2021 | Deadline for motions to transfer. |
| June 18, 2021 | Deadline to add parties. |
| June 25, 2021 | Plaintiff's disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| July 2, 2021 | Deadline for Plaintiff to file amended pleadings. A motion for leave to amend is not necessary.[2] |
| July 16, 2021 | Defendant's disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Federal Rule of Civil Procedure 6, the effective date is the first federal court business day following the deadline imposed.

[2] No amended pleadings may be filed after this date absent leave of the Court.

1

| **Deadline** | **Activity** |
|---|---|
| July 16, 2021 | Deadline for Defendant's final amended pleadings. A motion for leave to amend is not necessary.[3] |
| 6 weeks after disclosure of an expert is made by a party. | Deadline to object to any other party's expert witnesses. Objections shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |
| December 3, 2021 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| November 19, 2021 | All discovery shall be commenced in time to be completed by this date. |
| January 21, 2022 | Mediation must occur by this date. |
| December 15, 2021 | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| February 17, 2022 | Notice of intent to offer certified records. |
| February 17, 2022 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order, Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| February 21, 2022 | Deposition designations due. Each party who proposes to offer a deposition by video or transcript shall serve on all other parties a disclosure identifying the line and page numbers to be offered.<br><br>All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the Court. |

---

[3] No amended pleadings may be filed after this date absent leave of the Court.

| **Deadline** | **Activity** |
|---|---|
|  | In the case of a video deposition designation, the party who filed the initial designation is responsible for preparation of the final edited video in accordance with all parties' designations and the court's rulings on objections. |
| March 1, 2022 | Motions in limine are due. File Joint Final Pretrial Order. |
| March 17, 2022 | Responses to motions in limine are due.[4] File unresolved objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order. |
| March 17, 2022 | Proposed Jury Instructions / Verdict Form (or Proposed Findings of Fact and Conclusions of Law. |
| Date to be set by the Court. | If numerous motions are pending, the Court may set a hearing to consider all pending motions and objections. |
| April 18, 2022 | Final Pretrial Conference. The parties should be prepared to try the case by this date. |
| April 25, 2022 | The Court will confer with the parties to set a firm trial date |

**DISCOVERY**

Disclosure. The parties are reminded of the requirement, set out in the Court's initial Order Governing Proceedings, to have already disclosed, without awaiting a discovery request, information in addition to that required by Fed. R. Civ. P. 26, including names of persons likely to have, and documents containing, information "relevant to the claim or defense of any party." If there are any questions about whether information is "relevant to the claim or defense of any party," review Local Rule CV-26(d).

---

[4] To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five (5) calendar days of the filing of any response. The parties shall notify the Court of all issues which are resolved.

3

The parties are excused from the pretrial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3), as such disclosure is cumulative of this Court's pre-trial order procedures.

The parties shall serve initial, supplemental, and amended disclosures, discovery requests, written discovery responses, deposition notices, and any other notices or documents that are not e-filed with the ECF system via email pursuant to Local Rule CV-5(d).

The parties shall comply with Local Rule CV-34(c)'s requirements to maintain confidentiality of all medical records, mental health records, and earning records obtained via authorizations provided by Plaintiff under Local Rule CV-34(c) and will expand the category of confidential documents to include any medical records, mental health records, and earning records that Plaintiff voluntarily produces.

The parties shall limit the number of Requests for Production to no more than forty-five (45) requests.

Discovery Disputes. In the event the parties encounter a discovery dispute, no motions to compel may be filed absent leave of the Court. If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute or order the parties to file an appropriate motion.

502(d) Inadvertent Disclosure. If a party inadvertently discloses to a receiving party privileged information or work product materials, the disclosing party may so advise the receiving party in writing and request and obtain return of the inadvertently produced items; and the receiving party shall not keep any copies of such information or materials. No party to this action shall, after such notice, assert that said disclosure waived any privilege or protection, and, pursuant to Federal Rule of Evidence 502(d), no such waiver shall occur. The provisions of this paragraph shall not apply to any disclosure when that disclosure is made by the disclosing party at trial or in support of any position taken in Court during pre-trial proceedings.

## COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

## OTHER MATTERS

1. Please note the amendments to the Local Rules regarding motion practice. If a document filed electronically exceeds ten pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to the undersigned's chambers in Sherman. *See* Local Rule CV-5(a)(9). Courtesy copies over twenty pages long should be bound to the left, and voluminous exhibits should be separated by dividers.

2. If necessary, the parties should notify the Court if assistance is needed in selecting a mediator, or if the parties are interested in having this case submitted to a Magistrate Judge for settlement conference.

3. Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local Rule CV-7(f). The parties are reminded that "[t]he court need **not** wait for the reply or sur-reply before ruling on the motion." Local Rule CV-7(f) (emphasis added).

4. Courtroom Opportunities for Newer Attorneys
   If a party is interested in having a Newer Attorney argue a motion, after the motion is ripe, the party should contact the chambers of the Magistrate Judge to request oral argument and inform chambers that a Newer Attorney will argue the motion or a portion of the motion.

**So ORDERED and SIGNED this 19th day of May, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE