## <u>EXHIBIT 4</u>

**Defendant BioEye Ltd.'s Response to Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admission to Defendants**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **MORINVILLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 20-cv-00980-ALM-KPJ** |
| **v.** ) | |
| ) | |
| **OVERWATCH DIGITAL HEALTH, INC.** ) | |
| **ET. AL,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**DEFENDANT BIOEYE LTD.'S RESPONSE TO PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR**
**ADMISSION TO DEFENDANTS**

Defendant BioEye Ltd., by and through its undersigned counsel, and pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, provides its responses to the Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admission to Defendants (the "Requests") as follows:

**PRELIMINARY STATEMENT**

Defendant's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts at trial.

By making the accompanying responses and objections the Interrogatories, Requests for Production, and Requests for Admission, Defendant does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein

1

without in any way implying that it considers the responses to be relevant or material to the subject of this action.

Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

For written communications identified by reference to a document produced in Defendant's initial disclosures, the date indicated references the most recent communication in a thread.

## OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

**Interrogatory No. 1:** Identify and produce each oral or written contract between or among you and any of the Defendants, indicating the date such contract was entered, the material terms of such contract, the individual(s) making such contract, any entity on behalf of which the individual(s) entered such contract, and whether the contract was written or oral. These contracts include, but are not limited to, any oral or written contracts between or among Barrett, Correia, Rision Limited, Overwatch and Fokas, and including, but not limited to, Peloton Capital Pty Ltd ACN 149 540 018 (Peloton Capital).

**OBJECTION:** The Defendant objects to this Interrogatory (a) to the extent that it requires both the identification and production of the relevant contracts (b) to the extent that it requires the identification or production of contracts to which the Defendant is not a party.

**RESPONSE:** Subject to the foregoing objection, the Defendant responds as follows:

| Counterparty | (mm/dd/yyyy) | Written or Oral | Material Terms |
|---|---|---|---|
| Overwatch | 08/02/2019 | Written | I.D. Docs. 149-151 |
| Rision Limited | 04/27/2019 | Written | I.D. Docs. 7-11 |

**Interrogatory No. 2:** Identify and produce each communication between and among you and any Defendant and/or between and among any Defendant and the ASX including any person or persons

2

representing the ASX or acting as an intermediary or go-between with the ASX between July 1, 2019,

and present.

OBJECTION: The Defendant objects to this Interrogatory to the extent that it requires (a)

both the identification and production of the relevant communications, (b) the identification or

production of communications to which the Defendant was not a party, (c) the identification or

production of communications with any person or persons representing the ASX or acting as an

intermediary or go-between with the ASX after July 1, 2019, unrelated to BioEye or Overwatch,

because such communications are not relevant to the Plaintiff's asserted action and represent

confidential communications, and (d) the identification or production of communications with any

person or persons representing the ASX or acting as an intermediary or go-between with the ASX

after September 30. 2020, the date on which the Plaintiff asserts he was terminated, because such

communications are not relevant to the Plaintiff's asserted action.

RESPONSE: Subject to the foregoing objection, the Defendant Responds as follows:

| Date | Person Initiating | Recipient | Subject Matter/Description |
|---|---|---|---|
| 01/31/20 | Rision Limited | ASX | Application for In-Principle Advice (I.D. Doc. 60) |
| 020/2/20 | Terry Fokas; Clive Barrett; Price Sierakowski representatives | ASX representatives | Meeting in Perth regarding submission for approval. |
| 03/25/20 | Vanessa Nevjestic | Nicki Farley; Peter Huljich | Response by ASX to Application for In-Principle Advice (I.D. Doc. 61) indicating no approval. |
| 070/7/20 | Conner Graham | Vanessa Nevjestic | Response to 3/25/20 Response by ASX (I.D. Doc. 62) |
| 07/10/20 | Vanessa Nevjestic | Conner Graham | Email from ASX requesting additional information. |
| 07/15/20 | Conner Graham | Vanessa Nevjestic | Response to ASX email dated 7/10/20 (I.D. Doc. 63) |

| 07/17/20 | ASX advisor | Conner Graham | Call requesting amendments and concerns re performance share allocation and directors of post-RTO company. |
| 07/23/20 | Rision Limited | ASX | Revised Application for In-Principle Advice (I.D. Doc. 64) |
| 07/24/20 | Vanessa Nevjestic | Conner Graham | Email informing that amended Application for In-Principle Advice would be set for 8/4/20 ASX meeting. |
| 08/12/20 | Vanessa Nevjestic | Conner Graham | Response by ASX to Application for In-Principle Advice (I.D. Doc. 65) indicating no approval. |
| 8/25/20 | Adam Sierakowski | James Rowe | Oral communication regarding revised In-Principle Application (described in I.D. Doc. 290). |

**Interrogatory No. 3:** Identify and produce any equity securities or interests of any kind that you held in Overwatch/BioEye, Overwatch, BioEye and/or Rision Limited from January 1, 2018, to December 21, 2021, indicating with respect to each such security or interest the (a) entity, (b) nature, (c) amount, (d) date acquired, and (e) date of transfer or other disposition. The Defendant further objects to this Interrogatory to the extent that it requests information from after September 30, 2020, the date by which the Plaintiff alleges he was terminated. The Defendant will respond to this Interrogatory prior to September 20, 2020.

OBJECTION: The Defendant objects to this Interrogatory to the extent that it requires both the identification and production of the relevant equity securities or interests.

RESPONSE: Subject to the foregoing objection, the Defendant held no identifiable equity security interests in the listed entities and there exists no documents related to such equity ownership. Among others, I.D. Docs. 296, 329, and 333-341 relate to security interests in BioEye held by other persons. Defendant will also produce with these responses a draft of a document sent to Israel's tax

authorities regarding the security interests in BioEye and supplement with the final version when obtained by Defendant.

**Interrogatory No. 4**. Identify all communications and describe in detail each action of BioEye, Barrett, Correia, Overwatch, Fokas and/or Rision Limited arising out of or related to the RTO including, without limitation, any action that caused the RTO to not occur or any decision to discontinue the applications for in-principle advice submitted to the ASX in 2020.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires identifying communications and describing in detail actions of parties other than the Defendant because it places an undue burden on the Defendant to conduct discovery available to the Plaintiff directly. The Defendant further objects to the Interrogatory because it is ambiguous as to the meaning of "arising out of" and "related to" the RTO. If the Interrogatory means identifying all communication or action that would not have occurred absent the contemplated RTO the interrogatory would require the Defendant to speculate and places an undue burden on the Defendant as arguably all the communications between the Defendant and Overwatch and Fokas would not have occurred absent contemplation of the RTO. Finally, the Defendant objects to the interrogatory because it is overbroad and unduly burdensome in seeking every communication related to the RTO, which was a long process of negotiation and due diligence taking place over a year that has nothing to do with the causes of action asserted by the Plaintiff, which are for breach of employment contract and rights to a patent application and technology rights. To avoid this undue burden, the Defendant will (a) describe actions taken by the Defendant to effectuate the RTO and (b) describe actions taken by the Defendant that caused the RTO not to occur.

**RESPONSE:** Subject to the foregoing objection, the Defendant responds as follows:

(a) Actions Taken by the Defendant to Effectuate the RTO

5

Among other things, the Defendant prepared various due diligence materials to provide to the ASX so that the RTO would be approved by the ASX, including those reflected in I.D. Docs 299-436. Additionally, on April 27, 2020, the Defendant executed an agreement for a share exchange with Rision, subject to the conditions precedent set out therein, required for the RTO.

(b) Actions Taken by the Defendant to Cause the RTO not to Occur

None. The conditions precedent to the RTO reflected in the term sheet between Rision Limited and BioEye reflected in I.D. Doc. 7 did not occur.

**Interrogatory No. 5**. Identify and produce each communication between and/or among you and any Defendant and/or between and among any Defendant and the AFL including any person representing the AFL or acting as an intermediary with the AFL between July 1, 2019 and present.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires (a) both the identification and production of the relevant communications and (b) the identification or production of communications to which the Defendant was not a party. The Defendant further objects because the Interrogatory is overbroad and unduly burdensome in requesting every communication between the Defendant and every other defendant in the Plaintiff's action without limitation to the subject matter.  The Defendant also objects to the Interrogatory because any communications between the Defendant and the AFL and the Defendant and any other Defendant regarding the AFL is completely irrelevant to the Plaintiff's asserted causes of action for (x) damages for the breach of the alleged contract between the Plaintiff and "Overwatch/BioEye," (y) sole ownership of the Patent Application of the invention that the Plaintiff invented along with co-inventor Dovi Yellin, and (z) sole ownership of nebulous rights with respect to unidentified technology.

**Interrogatory No. 6**. Identify and produce each communication between and among you and any Defendant and/or between and among any Defendant and the Cosenza Hospital including any

6

person(s) representing the Cosenza Hospital or acting as an intermediary with the Cosenza Hospital between July 1, 2019 and present.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires (a) both the identification and production of the relevant communications and (b) the identification or production of communications to which the Defendant was not a party. The Defendant further objects because the Interrogatory is overbroad and unduly burdensome in requesting every communication between the Defendant and every other defendant in the Plaintiff's action without limitation to the subject matter. The Defendant also objects to the Interrogatory because any communications between the Defendant and the Cosenza Hospital and the Defendant and any other Defendant regarding the Cosenza Hospital is not relevant to the Plaintiff's asserted causes of action for (x) damages for the breach of the alleged contract between the Plaintiff and "Overwatch/BioEye," (y) sole ownership of the Patent Application of the invention that the Plaintiff invented along with co-inventor Dovi Yellen, and (z) sole ownership of nebulous rights with respect to unidentified technology

**Interrogatory No. 7**. Identify and produce each document related to your ownership of BioEye, Overwatch, Overwatch/BioEye and Rision Limited commencing on or near January 1, 2019 through the present time.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires both the identification and production of the relevant equity securities or interests. The Defendant further objects to the Interrogatory because it is ambiguous regarding what "related to [Defendant's] ownership" means in the context of the Interrogatory. Interrogatory No. 3 requests that the Defendant "[i]dentify and produce any equity securities or interests of Overwatch, BioEye and/or Rision Limited from January 1, 2018, to December 21, 2021 . . . ." To resolve the ambiguity, the Defendant will extend the timeframe for the response in Interrogatory No. 3. The Defendant further objects to this

Interrogatory to the extent that it requests information from after September 30, 2020, the date by which the Plaintiff alleges he was terminated. The Defendant will respond to this Interrogatory prior to September 20, 2020.

**RESPONSE:** Subject to the foregoing objection and clarification, the Defendant responds to this Interrogatory in the Defendant's response to Interrogatory No. 3.

**Interrogatory No. 8**. Identify and produce each document related to your projected post RTO ownership in the combined entities on or near the projected RTO in April 2020.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires both the identification and production of the relevant documents.

**RESPONSE:** Subject to the foregoing objection, the Defendant is not aware of any identifiable documents. Defendant will also produce with these responses a draft of a document sent to Israel's tax authorities regarding the security interests of BioEye shareholders post-RTO and supplement with the final version when obtained by Defendant.

**Interrogatory No. 9**. Identify and produce each document related to your ownership of BioEye, Overwatch, Overwatch/BioEye and Rision Limited on or near September 1, 2020.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires both the identification and production of the relevant equity securities or interests. The Defendant further objects to the Interrogatory because it is ambiguous regarding what "related to [Defendant's] ownership" means in the context of the Interrogatory. Interrogatory No. 3 requests that the Defendant "[i]dentify and produce any equity securities or interests of Overwatch, BioEye and/or Rision Limited from January 1, 2018, to December 21, 2021 . . . ." and the Defendant asserts that the relevant time period is prior to September 30, 2020.

8

**RESPONSE:** Subject to the foregoing objection, the Defendant responds to this Interrogatory in the Defendant's response to Interrogatory No. 3.

**Interrogatory No. 10**. Identify and produce each communication related to investment proposals related to BioEye, Overwatch of the merged Overwatch/Bioeye entity between and/or among you and any Defendant, and/or between and among any Defendant and any investor or potential investor between January 1, 2019 and present.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires (a) both the identification and production of the relevant communications, (b) identification or production of communications to which the Defendant was not a party because identification and production of such communications places an undue burden on the Defendant and can be produced by other defendants to the Plaintiff's action, (c) inclusion of periods after September 30, the date by which the Plaintiff alleges he was terminated because such communications are irrelevant to the Plaintiff's asserted causes of action.

**RESPONSE:** Subject to the foregoing objection, the Defendant responds that there was no investment in BioEye in 2019 or 2020. BioEye was funded through the Overwatch-BioEye promissory note (I.D. Docs. 149-151). As the result of investigation though this action, however, the Defendant is aware of the following (including the communications referenced in such documents):

| Date | Person Initiating | Recipient | Subject Matter |
|------|-------------------|-----------|----------------|
| 01/31/19 | Clive Barrett | Eran Ferri | I.D. Doc. 185 |
| 02/04/19 | Clive Barrett | Eran Ferri; Dovi Yellin | I.D. Doc. 186 |
| 02/05/19 | Clive Barrett | Eran Ferri; Dovi Yellin | I.D. Doc. 187 |
| 05/20/19 | Clive Barrett | Eran Ferri; Dovi Yellin | I.D. Doc. 188 |
| 07/09/19 | Clive Barrett | Terry Fokas | I.D. Doc. 189 |
| 07/12/19 | Clive Barrett | Eran Ferri; Dovi Yellin | I.D. Doc. 190 |
| 07/12/19 | Terry Fokas | Eran Ferri; Dovi Yellin | I.D. Doc. 195 |

| 07/17/19 | Terry Fokas | Eran Ferri; Dovi Yellin | I.D. Doc. 196 |
|----------|-------------|-------------------------|---------------|
| 07/17/19 | Clive Barrett | Eran Ferri; Dovi Yellin | I.D. Doc. 191 |
| 07/19/19 | Terry Fokas | Eran Ferri; Dovi Yellin | I.D. Docs. 192-193 |
| 07/25/19 | Clive Barrett | Eran Ferri; Dovi Yellin | I.D. Doc. 194 |
| 07/30/19 | Clive Barrett | Eran Ferri | I.D. Doc. 197 |
| 08/25/19 | Emmanuel Corriea | Terry Fokas | I.D. Doc. 198 |
| 08/26/19 | Terry Fokas | John Gilfillan; Clive Barrett; Emmanuel Corriea | I.D. Doc. 199 |
| 08/26/19 | Terry Fokas | Eran Ferri | I.D. Docs. 27-28 |
| 08/26/19 | Terry Fokas | John Gilfillan; Clive Barrett; Emmanuel Corriea | I.D. Doc. 200 |
| 08/31/19 | Eran Ferri | Clive Barrett | I.D. Doc. 34 |
| 10/03/19 | Terry Fokas | Overwatch Noteholders | I.D. Doc. 201-202 |
| 11/12/19 | Terry Fokas | Emmanuel Correia; Clive Barrett | I.D. Doc. 206 |
| 11/12/19 | Terry Fokas | Emmanuel Correia; Clive Barrett | I.D. Docs. 207-08 |
| 11/12/19 | Terry Fokas | Emmanuel Correia; Clive Barrett | I.D. Doc. 209 |
| 11/25/19 | Terry Fokas | Emmanuel Correia; Clive Barrett; Adam Sierakowski | I.D. Docs. 210-11 |
| 01/13/20 | Emmanuel Correia | Terry Fokas | I.D. Doc. 212 |
| 02/12/20 | Terry Fokas | Adam Sierakowski; Sean McCormick; Emmanuel Correia; Clive Barrett | I.D. Doc. 213 |
| 02/29/20 | Terry Fokas | Adam Sierakowski; Sean McCormick; Peter Huljich | I.D. Doc. 217-218 |
| 03/15/20 | Terry Fokas | Adam Sierokowski; Clive Barrett; Emmanuel Correia; John Gilfillan; Sean McCormick | I.D. Doc. 220 |
| 03/19/20 | Clive Barrett | Emmanuel Correia | I.D. Doc. 223-26 |

| 03/26/20 | Terry Fokas | Emmanuel Correia | I.D. Doc. 228-29 |
| 03/27/20 | Clive Barrett | Terry Fokas; Emmanuel Correia | I.D. Doc. 221 |
| 03/27/20 | Clive Barrett | Terry Fokas; Emmanuel Correia | I.D. Doc. 227 |
| 04/12/20 | Terry Fokas | Clive Barrett; Emmanuel Correia | I.D. Docs. 230-231 |
| 04/16/20 | Terry Fokas | Clive Barrett; Emmanuel Correia | I.D. Doc. 232 |
| 04/26/20 | Terry Fokas | Adam Sierakowski; Emmanuel Correia; Sean McCormick; Connor Graham; Clive Barrett | I.D. Docs. 233-35 |
| 04/27/20 | Terry Fokas | Adam Sierakowski; Emmanuel Correia; Clive Barrett | I.D. Docs. 236 |
| 04/28/20 | Rision Limited | Press Release | I.D. Doc. 1 |
| 05/03/20 | Terry Fokas | Emmanuel Correia; Clive Barrett | I.D. Doc. 237-38 |
| 05/17/20 | Terry Fokas | Emmanuel Correia; Clive Barrett | I.D. Docs. 239-41 |
| 06/09/20 | Sean McCormick | Adam Sierakowski; Terry Fokas; Emmanuel Correia; Harvey Bines | I.D. Docs. 247-53 |
| 07/14/20 | Terry Fokas | Clive Barrett; Emmanuel Correia | I.D. Doc. 267 |
| 07/14/20 | Terry Fokas | Emmanuel Correia; Clive Barrett | I.D. Docs. 268-271 |
| 07/15/20 | Terry Fokas | Emmanuel Correia; Clive Barrett | I.D. Doc. 273 |
| 07/24/20 | Terry Fokas | Emmanuel Correia; Clive Barrett | I.D. Doc. 282 |
| 08/10/20 | Clive Barrett | Emmanuel Correia; Terry Fokas | I.D. Doc. 283 |
| 08/24/20 | Terry Fokas | Emmanuel Correia; Clive Barrett | I.D. Doc. 288 |
| 08/24/20 | Emmanuel Correia | Terry Fokas; Clive Barrett | I.D. Doc. 289 |

| 08/25/20 | Terry Fokas | Emmanuel Correia; Clive Barrett | I.D. Doc. 290 |
|----------|-------------|--------------------------------|---------------|
| 08/26/20 | Terry Fokas | Eran Ferri | I.D. Doc. 27 |
| 08/27/20 | Clive Barrett | Emanuel Correia; Terry Fokas. | I.D. Doc. 26 |
| 08/31/20 | Eran Ferri | Clive Barrett/⌐ | I.D. Doc. 34 |
| 09/01/20 | Terry Fokas | Adam Sierakowski; Steve Rosich; Emmanuel Correia | I.D. Doc. 291 |
| 09/02/20 | Terry Fokas | Clive Barrett; Harvey Bines; Emmanuel Correia | I.D. Doc. 293 |
| 10/12/20 | Terry Fokas | Clive Barrett; Emmanuel Correia | I.D. Doc. 294 |
| 10/27/20 | Wayne Abramsohn | Emmanuel Correia; Clive Barrett; Moss Kady | I.D. Doc. 295 |

**Interrogatory No. 11**. Identify and produce each document related to investor proposals, offers, demands, and contracts for new investment, restructuring, recapitalizing, or other investment instruments in BioEye, Overwatch, Overwatch/BioEye or Rision Limited between January 1, 2019 and present.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires (a) both the identification and production of the relevant documents and (b) inclusion of periods after 30, the date by which the Plaintiff alleges he was terminated because such communications are irrelevant to the Plaintiff's asserted causes of action. The Defendant further objects because the Interrogatory is ambiguous in light of what appears to be two separate lists combined together and what "related to" means in the context of the listed documents. To resolve the ambiguity, the Defendant will identify or produce documents comprising (a) proposals, offers, or demands made by investors in BioEye, Overwatch, "Overwatch/BioEye", or Rision Limited between January 1, 2019, and September 30, 2020, and (b) contracts for new investment, restructuring, recapitalizing, or other investment

12

instruments in BioEye, Overwatch, "Overwatch/BioEye", or Rision Limited between January 1, 2019, and September 30, 2020.

**RESPONSE:** Subject to the foregoing objection, the Defendant responds that there was no investment in BioEye in 2019 or 2020. BioEye was funded through the Overwatch-BioEye promissory note (I.D. Docs. 149-151). As the result of investigation though this action, however, the Defendant is aware of the following in addition to Defendant's response to Interrogatory No. 11:

| Type | Subject Matter | Date | Author | Addressee/Recipient |
|------|----------------|------|--------|---------------------|
| Agreement | I.D. Docs. 7-11 | 04/27/20 | BioEye/Rision | N/A |
| Agreement | I.D. Doc. 12 | 04/27/20 | Overwatch/Rision | N/A |
| Draft Amendment | I.D. Doc. 67 | 09/02/20 | Rision Limited (Sean McCormick) | BioEye (Eran Ferri) |
| Draft Amendment | I.D. Doc. 68 | 09/02/20 | Rision Limited (Sean McCormick) | Overwatch (Terry Fokas) |
| Draft Agreement | I.D. Doc. 28 | 07/30/20 | BioEye/Overwatch | N/A |
| Board Minutes | I.D. Docs. 30-33, 37 | Various | Eran Ferri | N/A |
| Letter Agreement | I.D. Doc. 40 | 02/06/19 | E. Correia | Terry Fokas |
| ASX Documents | I.D. Docs. 60-65 | Various | ASX/Rision Limited | ASX/Rision Limited |
| RTO Capitalization Tables | I.D. Docs. 247-253 | 06/09/20 | Sean McCormick | Adam Sierakowski, Terry Fokas, Emmanuel Correia, Harvey Bines. |
| Performance Shares Breakdown | I.D. Doc. 255 | 06/18/20 | Terry Fokas | Emmanuel Correia; Clive Barrett |
| Due Diligence Committee Min. | I.D. Docs. 180-184 | Various | Connor Graham | Overwatch, BioEye, Rision |
| BE Note & Amendments | I.D. Docs. 149-151 | Various | BioEye/Overwatch | N/A |
| Transfer of Note | I.D. Doc. 179 | 01/22/21 | Colepin ATB Barrett and Sons Trading Co. Super | Overwatch |

| | | | Fund/BioEye | |
|---|---|---|---|---|
| OW Notes | I.D. Docs. 86-129; 132 | Various | Overwatch/Noteholders | N/A |
| Overwatch Due Diligence | I.D. Docs. 70-176 | Various | Various (Submitted by Overwatch) | Rision Limited |
| BioEye Due Diligence | I.D. Docs. 299-436 | Various | Various (Submitted by BioEye) | Rision Limited |

**Interrogatory No. 12**. Identify and produce each communication between and/or among any Defendants and/or any investors related to any investors interested in investing into Overwatch, BioEye or the merged Overwatch/BioEye entity between January 1, 2019 to present.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires (a) both the identification and production of the relevant communications, (b) identification or production of communications to which the Defendant was not a party because identification and production of such communications places an undue burden on the Defendant and can be produced by other defendants to the Plaintiff's action, (c) inclusion of periods after September 30, 2020, the date on which the Plaintiff alleges he was terminated because such communications are irrelevant to the Plaintiff's asserted causes of action.

**RESPONSE:** Subject to the foregoing objection, the Defendant has identified all such communications in Defendant's responses to Interrogatory Nos. 10 and 11.

**Interrogatory No. 13**. Identify and produce each communication related to any requests to convert debt held by any of the Defendants in BioEye or Overwatch to equity as a condition to BioEye or Overwatch obtaining additional debt or equity investments.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires (a) both the identification and production of the relevant communications, (b) identification or production

14

of communications to which the Defendant was not a party because identification and production of such communications places an undue burden on the Defendant and can be produced by other defendants to the Plaintiff's action, (c) inclusion of periods after September 30, 2020, the date by which the Plaintiff alleges he was terminated because such communications are irrelevant to the Plaintiff's asserted causes of action.

**RESPONSE:** Subject to the foregoing objection, the Defendant responds as follows:

| Date | Person Initiating | Recipient | Subject Matter |
|---|---|---|---|
| 09/02/20 | Terry Fokas | Clive Barrett; Harvey Bines; Emmanuel Correia | I.D. Doc. 293 |
| 10/12/20 | Terry Fokas | Clive Barrett; Emmanuel Corriea | I.D. Doc. 294 |
| 10/27/20 | Terry Fokas | Emmanuel Corriea; Clive Barrett; Moss Kadey | I.D. Doc. 295 |

**Interrogatory No. 14**. Identify and produce each communication and contracts describing the value of the Rision Limited shares at the RTO, indicating the source of any information you used and any documents upon which you relied.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires (a) both the identification and production of the relevant communications, (b) identification or production of communications to which the Defendant was not a party because identification and production of such communications places an undue burden on the Defendant and can be produced by other defendants to the Plaintiff's action, (c) inclusion of periods after September 30, 2020, the date by which the Plaintiff alleges he was terminated because such communications are irrelevant to the Plaintiff's asserted causes of action. The Defendant further objects to the Interrogatory because it is ambiguous with respect to what it means by "indicating the source of any information you used and

any documents upon which you relied" in the context of identifying or producing communications or contracts to which the Defendant was not the author of the communication or party to the contract.

RESPONSE: Subject to the foregoing objection, the Defendant responds as follows:

(a) Communications

| Date | Person Initiating | Recipient | Subject Matter |
|---|---|---|---|
| 04/28/20 | Rision Limited | Press Release | I.D. Doc. 1 |
| 06/09/20 | Sean McCormick | Adam Sierakowski; Terry Fokas; Emmanuel Correia; Harvey Bines | I.D. Docs. 247-253 |
| 06/18/20 | Terry Fokas | Emanuel Correia; Clive Barrett | I.D. Docs. 254-255 |
| 1/31/20 | Price Sierakowski | ASX | I.D. Doc. 60 |
| 07/07/20 | Price Sierakowski | ASX | I.D. Doc. 62 |
| 07/23/20 | Price Sierakowski | ASX | I.D. Doc. 64 |

(b) Contracts

| Date | Counterparty | Subject Matter |
|---|---|---|
| Agreement | I.D. Docs. 7-11 | 04/27/20 |
| Agreement | I.D. Doc. 12 | 04/27/20 |

**Interrogatory No. 15**. Identify and produce each communication and contracts describing how the value of the BioEye shares at the RTO, indicating the source of any information you used and any documents upon which you relied.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires (a) both the identification and production of the relevant communications, (b) identification or production of communications to which the Defendant was not a party because identification and production of such communications places an undue burden on the Defendant and can be produced by other defendants to the Plaintiff's action, (c) inclusion of periods after September 30, 2020, the date by

which the Plaintiff alleges he was terminated because such communications are irrelevant to the Plaintiff's asserted causes of action. The Defendant further objects to the Interrogatory because it is ambiguous with respect to (a) what it means by "indicating the source of any information you used and any documents upon which you relied" in the context of identifying or producing communications or contracts to which the Defendant was not the author of the communication or party to the contract and (b) unless the inclusion of the word "how" is a mistake, the Interrogatory does not convey a complete thought. The Defendant will resolve the ambiguity by identifying or producing communications and contracts describing the value of the BioEye Shares at the RTO.

**RESPONSE:** Subject to the foregoing objection, the Defendant responds as follows:

(a) Communications

| Date | Person Initiating | Recipient | Subject Matter |
|------|-------------------|-----------|----------------|
| 07/12/19 – 07/30/19 | Various | Various | I.D. Docs. 190-197 |
| 06/09/20 | Sean McCormick | Adam Sierokowski, Terry Fokas, Emmanuel Correia; Harvey Bines | I.D. Docs. 247-53 |
| 01/14/20 | Eran Ferri | Terry Fokas | RFP 1-2 (Basis BioEye-Overwatch note and verbal discussion/call) |

(b) Contracts

| Date | Parties | Subject Matter |
|------|---------|----------------|
| 08/02/19 | BioEye; Overwatch | I.D. Docs. 149-51 |
| 04/27/20 | Rision Limited; BioEye | I.D. Docs. 7-11 |
| 04/27/20 | Rision Limited; Overwatch | I.D. Doc. 12 |

**Interrogatory No. 16**. Identify and produce each communication and contracts describing how the value of the Overwatch shares at the RTO, indicating the source of any information you used and any documents upon which you relied.

17

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires (a) both the identification and production of the relevant communications, (b) identification or production of communications to which the Defendant was not a party because identification and production of such communications places an undue burden on the Defendant and can be produced by other defendants to the Plaintiff's action, (c) inclusion of periods after September 30, 2020, the date by which the Plaintiff alleges he was terminated because such communications are irrelevant to the Plaintiff's asserted causes of action. The Defendant further objects to the Interrogatory because it is ambiguous with respect to (a) what it means by "indicating the source of any information you used and any documents upon which you relied" in the context of identifying or producing communications or contracts to which the Defendant was not the author of the communication or party to the contract and (b) unless the inclusion of the word "how" is a mistake, the Interrogatory does not convey a complete thought. The Defendant will resolve the ambiguity by identifying or producing the requested communications and contracts.

**RESPONSE:** Subject to the foregoing objection, the Defendant responds as follows:

(a) Communications

| Date | Person Initiating | Recipient | Subject Matter |
|---|---|---|---|
| 06/09/20 | Sean McCormick | Adam Sierokowski, Terry Fokas, Emmanuel Correia; Harvey Bines | I.D. Docs. 247-53 |
| 01/14/20 | Eran Ferri | Terry Fokas | RFP 1-2 (Basis BioEye-Overwatch note and verbal discussion/call) |

(b) Contracts

| Date | Parties | Subject Matter |
|---|---|---|
| 04/27/20 | Rision Limited; Overwatch | I.D. Doc. 12 |

**Interrogatory No. 17**. Identify and produce each communication between or among you and any of the Defendants between January 1, 2019, and present, indicating the date of such communication, the individual(s) making such communication, and whether the communication was written or oral.

**OBJECTION:** The Defendant objects to this Interrogatory (a) to the extent that it requires both the identification and production of the relevant communication, (b) because to Interrogatory is overbroad and unduly burdensome in requesting every communication between the Defendant and every other defendant in the Plaintiff's action without limitation to the subject matter, (c) to the extent that it requires identification or production of communications to which the Defendant was not a party because identification and production of such communications places an undue burden on the Defendant and can be produced by other defendants to the Plaintiff's action, and (d) because it includes the time period after September 30, 2020, the date by which the Plaintiff alleges he was terminated, which is irrelevant to the causes of action asserted by the Plaintiff.

**Interrogatory No. 18**. Identify and produce all documents valuing BioEye, Overwatch, and Overwatch/Bioeye on or around July 2019.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires both the identification and production of the relevant documents. The Defendant further objects to the Interrogatory because it is ambiguous regarding what "valuing" means in this context compared to "describing the value" of the shares of the entities as requested in Interrogatory Nos. 14 through 16. To resolve this ambiguity, the Defendant will identify or produce all documents purporting to be a professional valuation of BioEye, Overwatch, or Overwatch/Bioeye on or around July 2019.

**RESPONSE:** Subject to the foregoing objection and resolution of ambiguity, the Defendant is not aware of any identifiable documents.

**Interrogatory No. 19**. Identify and produce all documents valuing BioEye, Overwatch, and Overwatch/Bioeye at any time after July 2019.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires both the identification and production of the relevant documents. The Defendant further objects to the Interrogatory because it includes the time period after September 30, 2020, the date by which the Plaintiff alleges he was terminated, which is irrelevant to the causes of action asserted by the Plaintiff. The Defendant also objects to the Interrogatory because it is ambiguous regarding what "valuing" means in this context. To resolve this ambiguity, the Defendant will identify or produce all documents purporting to be a professional valuation of BioEye, Overwatch, or Overwatch/Bioeye after July 2019 and before September 30, 2020.

**RESPONSE:** Subject to the foregoing objection and resolution of ambiguity, the Defendant is not aware of any such documents responsive to this Interrogatory.

**Interrogatory No. 20**. Identify and produce all documents valuing Eympair at any time after July 2019.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires both the identification and production of the relevant documents. The Defendant further objects to the Interrogatory because it includes the time period after September 30, 2020, the date on which the Plaintiff alleges he was terminated, which is irrelevant to the causes of action asserted by the Plaintiff. The Defendant also objects to the Interrogatory because it is ambiguous regarding what "valuing" means in this context. To resolve this ambiguity, the Defendant will identify or produce all documents purporting to be a professional valuation of Eympair after July 2019 but before September 30, 2020.

**RESPONSE:** Subject to the foregoing objection and resolution of ambiguity, the Defendant the Defendant is not aware of any identifiable documents. The Plaintiff produced a document

purporting to provide financials for impairment detection that the Defendant will produce with these Responses.

**Interrogatory No. 21**. Identify and produce all documents valuing Eympact at any time after July 2019.

      **OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires both the identification and production of the relevant documents. The Defendant further objects to the Interrogatory because it includes the time period after September 30, 2020, the date on which the Plaintiff alleges he was terminated, which is irrelevant to the causes of action asserted by the Plaintiff. The Defendant also objects to the Interrogatory because it is ambiguous regarding what "valuing" means in this context. To resolve this ambiguity, the Defendant will identify or produce all documents purporting to be a professional valuation of Eympact after July 2019 but before September 30, 2020.

      **RESPONSE:** Subject to the foregoing objection and resolution of ambiguity, the Defendant is not aware of any such documents.

**Interrogatory No. 22**. Identify and produce all documents valuing Overwatch IDT at any time after July 2019.

      **OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires both the identification and production of the relevant documents. The Defendant further objects to the Interrogatory because it includes the time period after September 30, 2020, the date on which the Plaintiff alleges he was terminated, which is irrelevant to the causes of action asserted by the Plaintiff. The Defendant also objects to the Interrogatory because it is ambiguous regarding what "valuing" means in this context compared to "describing the value" of the entities shares in Interrogatory Nos. 14 through 16. To resolve this ambiguity, the Defendant will identify or produce all documents

purporting to be a professional valuation of Overwatch IDT after July 2019 but before September 30, 2020.

**RESPONSE:** Subject to the foregoing objection and resolution of ambiguity, the Defendant is not aware of any such documents.

**Interrogatory No. 23**. Identify and produce all documents valuing Overwatch App at or before July 2019.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires both the identification and production of the relevant documents. The Defendant further objects to the Interrogatory because it is ambiguous regarding what "valuing" means in this context compared to "describing the value" of the entities shares in Interrogatory Nos. 14 through 16. To resolve this ambiguity, the Defendant will identify or produce all documents purporting to be a professional valuation of the Overwatch App at or before July 2019.

**RESPONSE:** Subject to the foregoing objection and resolution of ambiguity, the Defendant is not aware of any such documents.

**Interrogatory No. 24**. Identify and produce each document including communications, training materials, technical support documentation, requirements documents, marketing materials, and other product documentation that show any BioEye product capabilities, features, testing protocols, machine learning, and/or artificial intelligence capabilities present on or before July 1st, 2019.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires (a) both the identification and production of the relevant document, (b) identification or production of documents not in the Defendants possession, custody, or control, and (c) identification or production of any documents comprising computer code, datasets, algorithms, or similar information.

22

**RESPONSE:** Subject to the foregoing objection, the Defendant responds to this Interrogatory as follows:

| Type | Subject Matter | Date | Author | Addressee/Recipient |
|------|---------------|------|--------|---------------------|
| Summary | P. Exs. 926a-926e | July 2019 | BioEye | Overwatch |
| Summary | P. Exs. 407a | Aug. 2018 | BioEye | General Marketing |
| Summary | RFP 3-4 | 01/18/19 | BioEye | Terry Fokas/Overwatch |

**Interrogatory No. 25**. If you deny or make a qualified response to any of the Requests for Admissions herein, identify and describe in detail your legal and factual basis, including any documents, supporting such denial.

**OBJECTION:** The Defendant objects to this Interrogatory to the extent that it requires answers to the Plaintiff's Requests for Admission beyond what is required by Federal Rule of Civil Procedure 36 because such modification of Rule 36 is unduly burdensome.

**OBJECTIONS AND RESPONSES TO THE REQUESTS FOR PRODUCTION**

**Request No. 1:** Any document, communication, or contract identified in your response to the Interrogatories.

**OBJECTION:** The Defendant objects to this Request to the extent that it requires the identification of the relevant documents, communications, or contracts beyond production of the relevant documents, communications, or contracts where the information could be determined by examining, auditing, compiling, abstracting, or summarizing from such documents.

**RESPONSE:** Subject to the foregoing objection, the Defendant will produce such documents consistent with any objections to the relevant Interrogatories.

23

## OBJECTIONS AND RESPONSES TO THE REQUESTS FOR ADMISSION

**Request No. 1:** Admit that you refused to convert debt to equity in either BioEye or Overwatch at the request of new investors.

**RESPONSE:** Denied. The Defendant did not have any debt against Overwatch that any party requested be converted to equity.

**Request No. 2:** Admit that the planned April 2020 RTO on the ASX was postponed due to COVID.

**RESPONSE:** The Defendant admits that the economic conditions resulting from COVID-19 were a contributing factor to the postponement of the RTO, but denies that this was the only factor. Among other issues, the ASX indicated on 3/25/2020 that there was a "significant likelihood" that Rision Limited would fail to meet the conditions for relisting on the ASX after the RTO for, among other reasons, (1) the early stage of Overwatch Digital Health Inc's proposed business operations, (2) the 250 million performance shares proposed to be issued to Mr Terry Fokas, (3) the proposed terms of those performance shares, (4) the fact that Price Sierakowski, a firm associated with RNL's current non-executive chairman Mr Adam Sierakowski, will be RNL's legal adviser for the Transaction. (See I.D. Doc. 61).

**Request No. 3:** Admit that the planned April 2020 RTO on the ASX was postponed to August 2020.

**RESPONSE:** The Defendant admits that the RTO was postponed and that the parties thereto contemplated conducting the RTO in August 2020 but denies that the RTO was certain to commence in August 2020. The ASX denied the RTO for the first time in March 2020 (I.D. Doc. 61). In July 2020, a further application was made to the ASX seeking approval to proceed with the proposed RTO and obtain a public listing (I.D. Doc 64) but this submission was again unsuccessful due to the ASX assessment of the early-stage nature of Overwatch and BioEye and the insufficient commercial and

24

clinical progress made (I.D. Doc. 65). Commencement of the RTO was contingent on the conditions precedent indicated in the documents previously produced as Defendant's I.D. Docs. 7 and 12. Under the term sheets, the conditions precedent had to be met or waived within 90 days from April 28, 2020.

**Request No. 4:** Admit that Overwatch and BioEye had effectively merged for all practical purposes and was doing business as Overwatch/BioEye from at least January 1, 2020.

**RESPONSE:** Denied. As reflected in I.D. Docs. 2 and 3, Overwatch and BioEye maintained their separate legal identities. As reflected in I.D. Docs. 33 and 37, the BioEye board of directors continued to manage BioEye. As reflected in I.D. Docs. 14 and 297, the Overwatch maintained separate accountings and retained separate professionals. As indicated in I.D. Doc. 180, Terry Fokas indicated in connection with the due diligence committee meetings that "BioEye is a separate entity to Overwatch and there is no cross ownership" and that Eran Ferri was the CEO of BioEye. As indicated in I.D. Docs. 64 and 65, the parties represented to regulators that Overwatch and BioEye were developing and commercializing separate products and the ASX evaluated the status of Overwatch and BioEye's businesses separately. As reflected in I.D. Docs. 7 and 12 the anticipated transaction, as amended, was for Overwatch and BioEye to both be acquired by Rision Limited. And as reflected in I.D. Docs. 149-151 and 209, the relationship between BioEye and Overwatch was governed by a promissory note made by BioEye and delivered to Overwatch, under which Overwatch could convert $200,000 of the amount due by BioEye into shares of BioEye at a $1.85 million valuation.

**Request No. 5:** Admit that investment proposals and other investment documents or communications to investors in Overwatch were created under the merged entity Overwatch/BioEye.

**RESPONSE:** Denied. Although Overwatch attempted to illustrate the merits of the company based on completion of the RTO, potential investors and other interested parties were made aware

25

that the RTO was not complete and still conditional on a number of material and customary conditions precedent (see I.D. Doc. 7-11). Overwatch investor presentation material also indicated that such statements were future-looking statements.

Any investment received by Overwatch prior to the completion of the RTO was in exchange for notes convertible to shares in Overwatch that would be exchanged for shares in Rision Limited upon the completion of the RTO.

**Request No. 6:** Admit that in communications to investors, Overwatch claimed that the merger of Overwatch and BioEye had been consummated.

**RESPONSE:** Denied. In Overwatch's letter dated October 2, 2019 (I.D. Doc. 202), Overwatch incorrectly told noteholders that

> in September 2019 we reached agreement with BioEye's board of directors to acquire that company in exchange for $1.65 million in Overwatch common shares which shall be issued to BioEye upon the consummation of Overwatch's reverse takeover transaction on the Australian Stock Exchange ("ASX").

In Overwatch's letter dated March 27, 2020 (I.D. Doc. 42), Overwatch told holders of the convertible and promissory notes that "as noted in my previous correspondence, Overwatch entered into an agreement in September 2019 to acquire Israel-based BioEye[.]" Although originally planned by Overwatch and BioEye, it was never consummated and later abandoned in favor of both Overwatch and BioEye merging with Rision, which never occurred. The Defendant is not aware of any communications from Overwatch that claimed that any merger had been consummated. To the extent that the Defendant becomes aware of such a communication, the Defendant will amend the response to this Request.

**Request No. 7:** Admit that Barrett and/or Correia reviewed prior to transmission communications (including, without limitation, investor updates) to investors in BioEye and/or Overwatch.

**OBJECTION:** The Defendant objects to Request No. 7 because it is ambiguous by its multiple uses of "and/or" that make it unclear what an admission would entail and unclear meaning of "review" in this context. To resolve this ambiguity, the Defendant will interpret the Request asking if (a) both Barrett and Correia received drafts of communications to (b) investors of both BioEye and Overwatch <u>and</u> (c) had authority to direct that the drafts of communications be altered.

**RESPONSE:** Denied. Based on information available to the Defendant as the result of it's investigation in this lawsuit, and disclosed to Plaintiff in Defendant's initial disclosures, although Correia and Barrett received drafts of certain communications to Overwatch noteholders prior to transmittal for discussion, neither Correia nor Barrett had authority to require changes to such communication. With respect to BioEye only, Barrett was the main contact for BioEye investor communications.

**Request No. 8:** Admit that Cosenza Hospital was contracted with the merged entity Overwatch/BioEye to perform testing of Overwatch IDT.

**RESPONSE:** Denied. No merged entity existed.

**Request No. 9:** Admit that documents were created under the merged entity Overwatch/BioEye for the AFL.

**RESPONSE:** Denied. No merged entity existed. Documents may have referenced both Overwatch and BioEye as the parties sought to enact the RTO.

**Request No. 10:** Admit that Barrett and/or Correia performed day-to-day management duties of the Overwatch/BioEye entity consistent with executive management.

**RESPONSE:** Denied. No merged entity existed. Any input of Barrett with respect management of Overwatch was consistent with his role as a representative of lenders to Overwatch,

representative of shareholder in BioEye, and/or member of BioEye's board of directors. Any input of Correia with respect to management or Overwatch was consistent with his role as representative of lenders to Overwatch and the role of project managing and structing the proposed RTO. BioEye's officers considered Barrett a representatives of the investors in BioEye.

**Request No. 11:** Admit that Barrett and/or Correia made hiring and termination decisions of employees in the US and Israel.

    **RESPONSE:** Denied. Based on information available to the Defendant and disclosed to Plaintiff in Defendant's initial disclosures, (1) any input of Barrett or Correia with respect to hiring or termination with respect to Overwatch was ancillary to the overall financial condition of Overwatch and consistent with their roles as representatives of lenders to Overwatch; (2) any input of Barrett with respect to hiring or termination with respect to BioEye was consistent with Barrett's role as a representative of an equity investor in BioEye and member of BioEye's board of directors, and (3) Correia made no decisions with respect to hiring or termination of employees of BioEye.

**Request No. 12:** Admit that Barrett and/or Correia made product development design choices in the US and Israel.

    **RESPONSE:** Denied. Based on information available to the Defendant and disclosed to Plaintiff in Defendant's initial disclosures and documents produced by the Plaintiff, the Defendant has not seen any evidence of Barrett or Correia making any "product development design choices."

**Request No. 13:** Admit that Barrett and/or Correia (either as individuals or through their nominees) are significant shareholders in BioEye.

28

**OBJECTION:** The Defendant objects to Request No. 13 because it is ambiguous as to what constitutes a "significant" shareholder. The Defendant will respond without regards to whether Barrett and Correia are "significant" shareholders.

**RESPONSE:** The Defendant admits that (a) Correia is a shareholder of BioEye, (b) Colepin ATF Barrett and Sons Trading Co Super Fund is a shareholder of BioEye, and (c) Barrett has an interest in Colepin ATF Barrett and Sons Trading Co Super Fund. The relative interests during the relevant times to the Plaintiff's complaint are reflected in I.D. Docs. 329 and 251.

**Request No. 14:** Admit that completion of the RTO would significantly dilute share ownership of Barrett and Correia (either as individuals or through their nominees) from their previous share ownership in BioEye.

**OBJECTION:** The Defendant objects to Request No. 14 because it is ambiguous as to what constitutes "significant" dilution of shares in connection with a merger of three entities.

**RESPONSE:** Denied. Correia owned 1.09% of the equity in BioEye as of 02/11/2020 (I.D. Doc. 329) and would have owned approximately 3.19%-3.68% of the post-RTO entity (I.D. Doc. 250). Barrett owned directly none of the equity in BioEye as of 02/11/2020 (I.D. Doc. 329) and would have owned approximately 9.91% and 11.41% of the equity in the post-RTO entity (I.D. Doc. 250). Colepin owned approximately 14.75% of the equity in BioEye as of 02/11/2020 (I.D. Doc. 329). Accounting for Colepin's interest in BioEye and rights as a convertible noteholder, the parties indicated in the July 23, 2020, submission to the ASX that Barrett and his related companies would hold approximately 14.6% of the equity in the post-RTO entity based on a minimum subscription public offer (I.D. Doc. 64).

**Request No. 15:** Admit that BioEye did not have drug testing, concussion testing or sepsis testing capabilities in any products on July 1, 2019.

**RESPONSE:** Denied. BioEye's existing technology was capable of being implemented to test for symptoms of drug impairment, concussions, and sepsis. Further, BioEye had previously identified impairment and concussion testing as a potential use for BioEye's existing technology (see, e.g., P. Ex. 466(a) at pg. 17).

**Request No. 16:** Admit that drug testing capabilities are called Eympair, that concussion testing capabilities are called Eympact, and that sepsis testing capabilities are called Overwatch IDT, and all are now are the possession of BioEye.

**OBJECTION:** The Defendant objects to Request No. 16 because it is ambiguous what it means for BioEye to have capabilities in its possession.

**RESPONSE:** The Defendant admits that BioEye has products utilizing its technology that can test for symptoms of drug impairment, concussions, and sepsis and that those products are or were called Eympair, Empact, and Overwatch IDT at certain times (among other names). The tests are standard industry tests utilizing the capabilities of BioEye's core technologies (which are not specific to a single product) to address the relevant markets. All implementations of BioEye's technology other than an abandoned web portal were created by the BioEye team in Israel and BioEye retains the work performed by the BioEye team.

**Request No. 17:** Admit that technologies encompassed in Eympair, Eympact and Overwatch IDT were developed by the Plaintiff.

**RESPONSE:** Denied. To the best of the Defendant's knowledge, the Plaintiff was hired or contracted by Overwatch in anticipation of the RTO to assist with the marketing of BioEye's technologies in North America and inform BioEye developers with respect to the needs of certain markets that could utilize BioEye's technology. The Plaintiff did not develop any technology related to Eympair, Empact, or Overwatch IDT.

30

**Request No. 18:** Admit that Eympair, Eympact and Overwatch IDT significantly increased the value of BioEye.

**OBJECTION:** The Defendant objects to Request No. 17 because it is ambiguous as to (a) what constitutes a "significant" increase in the value of BioEye and (b) whether the Plaintiff seeks an admission that each increased the value of BioEye or whether taken together they increase the value of BioEye. To address this ambiguity, the Defendant will interpret the request for admission to be as follows: "Admit that Eympair, Eympact and Overwatch IDT, considered together, ~~significantly~~ increased the value of BioEye."

**RESPONSE:** The Defendant admits that BioEye's development of technology related to Eympair, Eympact, and Overwatch IDT, considered together, may ultimately contribute to an increase in the value of BioEye. The Defendant lacks knowledge or information sufficient to assess the amount of any increase in value or whether any increase in value is attributable to the continued development and maturity of the underlying eye-tracking technology rather than the particular products.

**Request No. 19:** Admit that Plaintiff was not paid for the development of Eympair, Eympact and Overwatch IDT.

**RESPONSE:** The Defendant admits that the Plaintiff was not paid for development of Eympair, Eympact, and Overwatch IDT. BioEye created these products. However, the Defendant denies that the Plaintiff was not paid for the marketing services for which Overwatch employed or otherwise engaged the Plaintiff. Documentation previously produced as I.D. Doc. No. 5 shows that the Plaintiff received payments from Overwatch.

**Request No. 20:** Admit that you had discussions with investors after April 2020 to market Eympair, Eympact and Overwatch IDT solely through BioEye.

31

**RESPONSE:** Admitted.

**Request No. 21:** Admit that Barrett and Correia benefited personally from the canceled RTO by limiting the dilution in their BioEye shares that would have occurred in the RTO.

**OBJECTION:** The Defendant objects to Request No. 21 because it is irrelevant to the Plaintiff's alleged right to unpaid contractual wages, right to the Patent Application, or right to other technology and requires the Defendant to speculate.

**RESPONSE:** Denied. For the reasons indicated in the Defendant's response to Request for Admission No. 14, Correia would have owned more shares in the post-RTO entity than he owned in BioEye so he could not have benefited personally from the cancelling of the RTO because of limiting the dilution of his BioEye shares. The Defendant lacks sufficient information to admit or deny that the minimal dilution in equity combined between Barrett and Colepin materially benefited Barrett compared to the funds that would have been received through the RTO.

*[Remainder of Page Intentionally Left Blank]*

Dated October 22, 2021

**PARKINS LEE & RUBIO LLP**

*/s/R. J. Shannon*
Lenard M. Parkins
TX Bar No. 15518200
R.J. Shannon
TX Bar No. 24108062
Pennzoil Place
700 Milam Street, Suite 1300
Houston, TX 77002
Email: lparkins@parkinslee.com
        rshannon@parkinslee.com
Phone: 713-715-1660

*Counsel to BioEye Ltd.*

## VERIFICATION

I, Eran Ferri, a Founder of BioEye, Ltd. I believe, based on reasonable inquiry, that the foregoing responses are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Signed: Oct 23, 2021

*Eran Ferri*
Eran Ferri (Oct 23, 2021 00:43 GMT+3)

Eran Ferri
Founder of BioEye, Ltd.