UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MORINVILLE,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**OVERWATCH DIGITAL HEALTH, INC. ET. AL,** )<br>)<br>Defendants. )<br>) | Case No. 20-cv-00980-KPJ |

**JOINT REPLY TO PLAINTIFF'S RESPONSE TO JOINT
MOTION OF CLIVE BARRETT, EMMANUEL CORREIA, AND
RISION LIMITED FOR SUMMARY JUDGMENT**

Clive Barrett ("Barrett"), Emmanuel Correia ("Correia"), and Rision Limited ("Rision" and collectively with Barrett and Correia, the "Joint Defendants"), by and through their undersigned counsel, hereby reply to the Plaintiff's response [Dkt. No. 57] (the "Response") to the Joint Motion of Clive Barrett, Emmanuel Correia, and Rision Limited for Summary Judgment [Dkt. No. 54] (the "Motion") as follows:

1. To survive a motion for summary judgment, a non-movant who bears the ultimate burden of proof must submit evidence of the elements essential to the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must identify evidence in the record and articulate how that evidence creates a genuine issue. *Stewart v. Lone Star Exteriors*, LLC, 447 F. Supp. 3d 548, 553 (E.D. Tex. 2019). To be competent summary judgment evidence, the offering party must be capable of producing the substance or content of in an admissible form. Fed. R. Civ. P. 56(c)(2). Unsubstantiated assertions are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). A dispute is

genuine only if the evidence could lead a reasonable fact-finder to find for the non-moving party. *Stewart*, 447 F. Supp. 3d at 553.

2. Summary judgment should be granted in favor of the Joint Defendants. The thrust of the Response is that the BioEye and Overwatch merged to form a single entity or that Terry Fokas had the authority to bind both Overwatch and BioEye. (*See* Response at p. 10). Additionally, the Plaintiff submits documents that the Plaintiff contends—without any reasonable, non-speculative basis—are evidence of secret negotiations with the AFL. But none of that has any bearing on any claims that the Plaintiff asserts against the Joint Defendants.

3. In the Motion, the Joint Defendants submitted evidence showing that (a) there was no contract between the Plaintiff and any of the Joint Defendants,[1] (b) none of the Joint Defendants made any representations to the Plaintiff regarding the Plaintiff's employment engagement, or the compensation that the Plaintiff claims he is owed pursuant to the oral contract negotiated between the Plaintiff and Terry Fokas,[2] (c) the Plaintiff was employed or otherwise engaged pursuant to an oral contract negotiated between Terry Fokas and the Plaintiff,[3] (d) none of the Joint Defendants assert rights to the Patent Application or Technology,[4] and (d) the Plaintiff created any protected intellectual property in collaboration with other individuals.[5] The Plaintiff does not submit

---

[1] The Joint Defendants identified evidence supporting this uncontested fact in pages 18-19 of the Motion, citing to Pl.'s Resp. to BioEye's Interrog. Nos. 1 and 2.

[2] The Joint Defendants identified evidence supporting this uncontested fact on page 20 of the Motion, citing to Pl.'s Resp. to BioEye's Interrog. No. 2; Pl.'s Resp. to Barrett Interrog. No. 2; Pl.'s Resp. to Correia Interrog. No. 2; Barrett Decl. ¶ 23; and Correia Decl. ¶ 21.

[3] The Joint Defendants identified evidence supporting this uncontested fact on page 20 of the Motion, citing to Pl.'s Resp. to BioEye's Interrog. Nos. 1 and 2.

[4] The Joint Defendants identified evidence supporting this uncontested fact on pages 21-22 of the Motion, citing to Yellin Decl. Ex. K, Barrett Decl. ¶ 24; Correia Decl. ¶ 22; Ferri Decl. Ex. D.

[5] The Joint Defendants identified evidence supporting this uncontested fact on pages 21 and 23 of the Motion, citing to Yellin Decl. ¶¶ 11-12, 14, Ex. D; Pl.'s Resp. to BioEye's Req. for Admis. Nos. 1 and 18; Shannon Decl. Ex. O). Moreover, the Plaintiff admits on pages 10-11 of the Response that others actually wrote the code for any of the technology and worked with others to implement the requirement documents that the Plaintiff allegedly prepared.

anything that he even *contends* to be competent summary judgment evidence creating a genuine dispute with respect to those facts.

    4.    No reasonable fact finder could conclude from the evidence in the record that any of the Joint Defendants are liable for compensation owed to the Plaintiff under the oral contract with Terry Fokas or that the Plaintiff is entitled to sole ownership of the Patent Application or the Technology. The Court should therefore summary judgment in favor of the Joint Defendants.

[*Remainder of Page Intentionally Left Blank*]

Dated: December 17, 2021

**PARKINS LEE & RUBIO LLP**

*/s/ Lenard M. Parkins*
Lenard M. Parkins
TX Bar No. 15518200
R.J. Shannon
TX Bar No. 24108062
Pennzoil Place
700 Milam Street, Suite 1300
Houston, TX 77002
Email: lparkins@parkinslee.com
          rshannon@parkinslee.com
Phone: 713-715-1660

*Counsel to Clive Barrett, Emmanuel Correia, and Rision Limited.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2021, the forgoing document was served on the following parties (a) through the Court's CM/ECF System if registered to receive such service and (b) by U.S.P.S. first class mail, postage prepaid and/or email on the following parties as follows:

Paul Morinville
3902 Sequoia Trail West
Georgetown, TX 78628
paul@morinville.net
[via U.S.P.S. and email]

Terry Fokas, Esq.
Overwatch Digital Health, Inc.
17440 Dallas Parkway
Suite 230
Dallas, TX 75287
terry.fokas@overwatchdh.com
[via CM/ECF and email]

*/s/ Lenard M. Parkins*
Lenard M. Parkins