IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PAUL MORINVILLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:20-cv-980-KPJ |
| | § | |
| OVERWATCH DIGITAL HEALTH, | § | |
| INC., *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Paul Morinville's ("Plaintiff") Motion to Amend Complaint (the "Motion") (Dkt. 55), to which Defendants Clive Barrett, Emmanuel Correia, Rision Limited, and BioEye, Ltd. (collectively, "Defendants") filed a response in opposition (Dkt. 63). Upon consideration, the Motion is hereby **GRANTED**.

## I.     BACKGROUND

Plaintiff, proceeding *pro se*, initiated this lawsuit on December 21, 2020, seeking declaratory relief and damages for breach of contract. *See* Dkt. 1. On May 19, 2021, the Court entered a Scheduling Order (Dkt. 42), which required the parties to comply with the following deadlines:

| | |
|---|---|
| July 2, 2021 | Deadline for Plaintiff to file amended pleadings. A motion for leave to amend is not necessary. |
| November 19, 2021 | All discovery shall be commenced in time to be completed by this date. |
| December 3, 2021 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| April 18, 2022 | Final Pretrial Conference at 9:00 a.m. The parties should be prepared to try the case by this date. |

1

*See* Dkt. 42. On July 1, 2021, Plaintiff filed a First Amended Complaint (Dkt. 43), which is the live complaint in this matter. The First Amended Complaint (Dkt. 43), like the Original Complaint (Dkt. 1), asserts claims for breach of contract and declaratory judgment. *See* Dkt. 43.

The parties appeared before the Court on November 16, 2021, to discuss a discovery dispute (the "Hearing"). *See* Dkts. 51, 52. During the Hearing, Plaintiff informed the Court that he believed Defendants committed fraud against him and asked the Court to compel Defendants to produce documents relevant to the alleged fraud. *See* Dkts. 51, 52. Plaintiff contended that, although he did not plead a claim for fraud in the First Amended Complaint (Dkt. 43), he alleged facts to support a claim for fraud in responses to motions pending before the Court. Thus, Plaintiff argued, he was entitled to documents relevant to Defendants' alleged fraud. The Court denied Plaintiff's request and instructed Plaintiff that to properly assert a claim for fraud, Plaintiff would need to file a motion for leave to amend his complaint in accordance with Federal Rules of Civil Procedure 15 and 16.

Three weeks later, on December 10, 2021, Plaintiff filed the Motion (Dkt. 55), requesting leave to amend. *See* Dkt. 55. On January 11, 2022, the Court held a hearing on the Motion wherein Plaintiff explained the three-week delay between the November 16 Hearing and Plaintiff's filing of the Motion. According to Plaintiff, he was diligent in requesting leave: Plaintiff claims he drafted the Motion and Second Amended Complaint (Dkt. 56) as soon as practicable following the Hearing. Plaintiff claims he provided the Motion to Defendants on December 3, 2021, in an attempt to confer, and then filed the Motion and Second Amended Complaint soon thereafter on December 10, 2021.

Defendants oppose the Motion as untimely, prejudicial, dilatory, and futile. *See* Dkt. 63. Defendants specifically note that: (1) the discovery deadline has passed; (2) dispositive motions

are pending and the deadline for filing dispositive motions has passed; (3) trial of this matter is soon approaching; and (4) the Second Amended Complaint does not comport with federal pleading requirements and, thus, would not survive a motion to dismiss. *See id.*

## II.   <u>LEGAL STANDARD</u>

Because the deadline to amend pleadings has passed, the Court first considers whether to modify the Scheduling Order (Dkt. 42) to consider Plaintiff's untimely request for leave. Under Rule 16, "a party seeking to amend its pleadings after the deadline has passed must demonstrate good cause" to justify the untimely amendment. *E.E.O.C. v. Serv. Temps. Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012); *see* FED. R. CIV. P. 16(b)(4). Four factors are relevant to a finding of good cause: the movant's explanation for the failure to timely move for leave to amend, the importance of the amendment, the potential prejudice in allowing the amendment, and the availability of a continuance to cure such prejudice. *Id.* at 334. "No one factor is dispositive, nor must all the factors be present." *Sapp v. Memorial Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010).

If the Court finds good cause exists to consider the untimely request for leave, the Court then looks to "the more liberal standard of Rule 15(a)" to determine whether leave to amend should be granted. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003). Under Rule 15, courts must "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule 'evinces a bias in favor of granting leave to amend,'" and "[a] district court must possess a 'substantial reason' to deny a request." *SGK Props., L.L.C. v. U.S. Bank Nat'l Assoc. for Lehman Bros. Small Balance Comm. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 944 (5th Cir. 2018) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). Undue delay, undue prejudice, and futility may, in some circumstances, provide a substantial reason to deny a motion for leave to amend. *See id.*; *Strickland*

3

*v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (per curiam). Generally, however, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

## III.    ANALYSIS

In this case, good cause exists to consider Plaintiff's untimely request to amend his complaint. As an initial matter, the Court finds Plaintiff provided an adequate explanation to support his delayed request: during a hearing on the Motion, Plaintiff, proceeding *pro se*, explained his belief that he timely put Defendants on notice of his intended fraud claim, and that he did not understand amending his complaint was necessary. In this case, where Plaintiff admittedly has only a basic understanding of legal procedure and little experience with the intricacies of federal pleading, the Court is receptive to Plaintiff's explanation and finds it weighs in favor of finding good cause under Rule 16. As does the second factor. Plaintiff's requested amendment is important because it "potentially provide[s] additional grounds for [Plaintiff] to recover" and may affect Plaintiff's "prospects of ultimate recovery." *See Pogo Res., LLC. v. St. Paul Fire and Marine Ins. Co.*, No. 3:19-cv-2682, 2021 WL 1923301, at *6 (N.D. Tex. May 13, 2021) (mem. op.). While the Court agrees with Defendants that allowing Plaintiff to amend his complaint at this late stage would prejudice Defendants, the Court finds that such prejudice can be cured by vacating the Scheduling Order (Dkt. 42) and resetting pretrial deadlines as necessary. Thus, the Court finds good cause exists to modify the Scheduling Order.

Further, the Court finds it appropriate and in the interest of justice to grant the Motion and allow Plaintiff to amend his complaint. Plaintiff is not an attorney and, unlike Defendants, is proceeding in this case without the advice and assistance of legal counsel. It is not lost on the Court

that Defendants will suffer prejudice and delay due to Plaintiff's untimely amendment, as Defendants may require additional discovery and may need to refile pending dispositive motions. But any resulting prejudice and delay can be cured and, therefore, does not overcome the bias in favor of granting leave to amend. *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) ("In the context of motions to amend pleadings, 'discretion' may be misleading, because FED. R. CIV. P. 15(a) 'evinces a bias in favor of granting leave to amend.' Unless there is a "substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."); *Pogo Resources, LLC*, 2021 WL 1923301, at *9 (granting leave to amend late in the litigation where "a continuance would relieve any prejudice experienced by Defendant as a result of the passed discovery and expert designation deadlines").

Finally, the Motion should not be denied as futile. Defendants argue that Plaintiff's Second Amended Complaint fails to adequately state a claim for fraud. *See* Dkt. 63 at 8–9. Under Federal Rule of Civil Procedure 9(b), a plaintiff must "state with particularity the circumstances constituting fraud," including the "'time, place, and contents of the false representations,' as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how of the alleged fraud.'" *Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 385 (5th Cir. 2003) (quoting *Williams v. WMX Techs.*, 112 F.3d 175, 179 (5th Cir. 1997); *Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)); *see* FED. R. CIV. P. 9(b).

The Court agrees that Plaintiff's Second Amended Complaint, as filed, fails to satisfy the heightened pleading requirements set forth by Rule 9(b); however, such pleading deficiencies are not adequate grounds to deny the Motion. While it is true that the Court *may* deny leave if the proposed amendment would not survive a Rule 12 motion to dismiss, *see Marucci Sports, L.L.C.*

5

*v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014), the Court has discretion to grant leave to amend to ensure Plaintiff has an adequate opportunity to plead his "best case." *See Anokwuru v. City of Hous.*, 990 F.3d 956, 966 (5th Cir. 2021); *Brewster*, 587 F.3d at 768. This is especially so where, as here, Plaintiff is proceeding *pro se*. *See Brewster*, 587 F.3d at 767–68. All things considered, the Court does not find a substantial reason to deny the Motion (Dkt. 55), as required to deny leave to amend under Rule 15. Accordingly, the Motion (Dkt. 55) should be granted, but with the caveat that Plaintiff shall file an amended pleading that complies with the Federal Rules of Civil Procedure, including the heightened pleading requirements set forth by Rule 9(b).

## IV.    CONCLUSION

For the foregoing reasons, the Motion (Dkt. 55) is hereby **GRANTED.**

**IT IS THEREFORE ORDERED** that Plaintiff may file an amended complaint within fourteen (14) days after receiving service of this Order. Plaintiff's amended complaint shall comply with the Federal Rules of Civil Procedure, specifically Rule 9, which requires Plaintiff to state "with particularity the circumstances constituting fraud or mistake," and Rule 10, which requires claims to be stated in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." *See* FED. R. CIV. P. 9–10. Plaintiff's amended complaint, once filed, will be the live complaint in this matter; further amendments will not be permitted until Rule 12 motions, if any, are decided.

**IT IS FURTHER ORDERED** that the Clerk shall strike Plaintiff's Second Amended Complaint (Dkt. 56).

**IT IS FURTHER ORDERED** that the Final Pretrial Conference set for February 18, 2022, and all remaining deadlines set forth in the Scheduling Order (Dkt. 42) are hereby **VACATED**. Within fourteen (14) days after Defendants answer or otherwise respond to Plaintiff's

amended complaint, if any, the parties shall confer and provide the Court with proposed deadlines, including deadlines and parameters to conduct additional discovery and to file dispositive motions.

**So ORDERED and SIGNED this 19th day of January, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE